48 539
62 363

STEPHEN C. RUGLAND *vs.* CARRIE THOMPSON *et al.*

Argued Dec. 24, 1891. Decided March 8, 1892.

**Note—Payment of—What is not.**—Matters of account in favor of the maker of a promissory note, and which might be set off against it, do not constitute *payment* of the note; otherwise, if there is an agreement, express or implied, that they shall be applied in payment.

**Oral Agreement—Proof of to Apply Payments.**—The payee and holder of a promissory note having accepted from the maker certain personal property and services, proof is admissible that it was orally agreed, when the note was made, that whatever should be thus supplied to the payee should be applied in payment on the note; such evidence being admissible, not to vary the agreement expressed in the note, but only as bearing upon and characterizing the subsequent delivery and acceptance of the property and services.

**Damages for Breach of Warranty Applied on Note for the Price.** A part of the consideration for a promissory note being the price of property sold by the payee to the maker with warranty, the latter may have applied, in reduction of the note, the damages suffered from breach of the warranty.

Appeal by plaintiff, Stephen C. Rugland, from an order of the dis-
trict court of Grant county, *C. L. Brown*, J., made August 7, 1891,
refusing his application for a new trial.

The defendants, Carrie Thompson and Thore Thompson, her hus-
band, were on January 26, 1887, indebted to plaintiff somewhat over
$300, and on that day they bought of him a horse, for which they
agreed to pay him the further sum of $125.   As evidence of these
debts, they on that day gave plaintiff their note for $448.75, due No-
vember 1, 1887, bearing interest at the rate of 10 per cent. a year,
and secured it by two mortgages, one upon two horses and a self-
binder, and all the crops to be raised that year and the next year on
their farm of eighty acres; the other upon a mare, three colts, three
cows, four heifers, and other stock, and upon farm machinery.   Both
mortgages were duly filed.   On January 19, 1889, plaintiff made and
filed an affidavit of renewal, stating that the whole sum secured re-
mained unpaid, and a lien on the property mortgaged.

In June, 1889, plaintiff commenced this action to recover the pos-
session of the mortgaged chattels, basing his right to them on these
mortgages, and claiming that no part of the debt had been paid, and
that defendants wrongfully detained the property, and that its value
was $350.   The defendants answered that, when they bought the
horse, plaintiff warranted him sound and healthy, and agreed, if he
was not, plaintiff would indorse the purchase price and interest upon
the note; that the horse was in fact unsound and worthless, and died
soon after, to their damage $125.   They alleged that at divers times
they sold and delivered to plaintiff grain and other property, and
performed work for him, under an arrangement that he was to apply
the price upon the note; that he agreed to do it, and thereby the
balance of the debt was fully paid and the mortgages satisfied.   The
defendants further claimed that, when the note and mortgages were
executed, plaintiff included in them $11.01 commission or bonus for
forbearance, besides the interest mentioned in the note, and that for
that reason the note and two mortgages were all void for usury.

The issues were tried June 2, 1890, at Elbow Lake, and defend-
ants were allowed, on the trial, to testify, after objection by plaintiff,
that when they gave the note they said to plaintiff that all they

should thereafter pay to him must go upon this note, until it was paid. After giving the note they continued to buy goods of plaintiff, and were owing for them when they delivered to him this grain and produce. Plaintiff claimed to apply the price of the grain and produce upon this book account. The jury rendered a verdict for defendants. The plaintiff moved for a new trial, and, being denied, he appealed.

*Oscar M. Torrison* and *C. J. Gunderson,* for appellant.

Defendants did not rely upon the warranty of the horse. They knew that the horse was sick, and did not believe appellant's representation with respect to the soundness of the horse. For representations in the terms or form of a warranty of personal property, no action will lie on account of defects actually known and understood by the purchaser at the time of the bargain. 1 Benj. Sales, § 938; *Bennett* v. *Buchan,* 76 N. Y. 386; *McCormick* v. *Kelly,* 28 Minn. 135; *Halliday* v. *Briggs,* 15 Neb. 219.

There is no evidence in the case that the several items of stock, oats, pasturing, and labor were received by appellant as payment, or that it was so applied, or that the amount of the several items, or the aggregate value thereof, was agreed upon by the parties. Appellant's objection, therefore, that this testimony was inadmissible under the pleadings, was well taken. Payment must be in cash, or, if in goods or work, it must be agreed between the parties that the goods or work should be taken as payment for a definite amount. *Green* v. *Disbrow,* 79 N. Y. 1.

Respondents were allowed to testify, against appellant's objection, as to an agreement made at the time of the execution of the note,— how and when it should be paid. This was error. The note was complete in itself, and parol evidence of an oral agreement cannot be permitted to vary, qualify, or contradict, or add to, or subtract from, the absolute terms thereof; there being no fraud, accident, or mistake. Abb. Tr. Ev. 409.

The jury were not justified by the evidence in finding that said note was usurious. If improper testimony as to either defense was admitted, or was not stricken out on motion, or if the evidence as to either defense was insufficient to sustain it, a new trial should be

granted, as it is impossible to say what the effect of such evidence was on the jury, and it is likewise impossible to say on which defense the jury found for the defendants,—whether on the usury or on the payment.

*George Ketcham* and *J. W. Reynolds,* for respondents.

DICKINSON, J.    The defendants, being indebted to the plaintiff, executed to him their promissory note for the payment of a specified sum of money on or before a designated date, and secured the same by two chattel mortgages.    In this action the plaintiff seeks to recover the mortgaged property on the ground of default in respect to payment.    The defenses of payment and usury were interposed.    The jury returned a general verdict for the defendants. Unless there was prejudicial error in the rulings of the court, the verdict should be allowed to end the controversy, for, as we consider, the evidence was sufficient to support it.    The case does not show a payment of the note, unless the value of certain farm produce and some other items are to be applied in payment.    The mere fact of the delivery of chattels or the performance of services by the debtor, and acceptance by the creditor, would not constitute a payment of the note, but would be merely matter of set-off or counterclaim; for the note was payable in money, and the law could not treat such matters of set-off as in themselves constituting a payment, the contract of the parties being opposed to this.    Nor could the legal effect of the written obligation be varied by proof of a contemporaneous oral agreement that the note should be discharged in any other manner than by the payment of money according to its terms.    The plaintiff contends that these legal propositions were disregarded by the court in overruling objections to certain testimony bearing upon the question whether the matters to which we have referred were applicable in payment of the note.    Evidence was received tending to show an agreement that these items should be applied on this note, and, if such was the fact, it would go to support the plea of payment.

Most of the evidence relating to the agreement was received without objection, but one exception is noted which may be treated as being sufficient to present the question whether testimony should

have been received showing such an oral· agreement contemporaneous with the making of the note. It was certainly not admissible for the purpose of varying the legal effect of the note itself; and, if such an agreement was made, it was of no legal effect, of itself. The plaintiff was still at liberty to refuse to receive partial payments, or to accept anything else than money, in satisfaction of the obligation expressed in the note. But the fact is that after the giving of the note the plaintiff did accept the things here referred to, and it became important to know what the intention of the parties was at the time when such things were delivered by the debtors and accepted by the creditor. They might certainly have *then* agreed orally that these things should apply in payment of the note. We are of the opinion that, as bearing upon and explaining these subsequent transactions, proof was admissible to show an agreement by the debtor, even contemporaneous with the making of the note, to apply on it whatever should be received from the debtors. If, without any prior agreement, the debtors had brought farm produce to the creditor, and offered it to him upon the express condition or with the direction that it should be applied on this note, and he had received it without dissenting from the condition, he would be deemed to have accepted the condition, and would be bound by it. A previous agreement to so receive and apply whatever might be delivered, followed by a delivery and acceptance without any further special agreement, would have a similar effect. It might be deemed that the property had been delivered and accepted *pursuant* to the former agreement, and, if such were the case, the payee would be bound to make the application in accordance with the agreement. A part of the consideration for the note was the price of a horse sold by the plaintiff to the defendants, and, as the case goes to show, with a warranty of soundness, for the breach of which the defendants seek, by way of recoupment, to reduce the amount of the note. The answer sufficiently sets forth this matter of defense. It was decided in *Massachusetts Loan & Trust Co.* v. *Welch,* 47 Minn. 183, 49 N. W. Rep. 740, that the purchaser's remedy may be enforced in this way. The plaintiff's assignments of error in respect to this matter are based upon the claim that the testimony showed that the purchaser

did not rely upon the seller's representations. But there was sufficient evidence directly to the contrary to make the case one for the jury.

Order affirmed.

(Opinion published 51 N. W. Rep. 604.)