61   230
62   363

61   230
65   428

NORTHERN TRUST COMPANY, Assignee, v. T. P. HEALY.[1]

May 29, 1895.

Nos. 9372—(307).

Insolvency—Set-Off.

> For the purpose of using the same as a set-off, the debtor of an insolvent purchased a debt due from the insolvent to a third party, when he had reasonable cause to believe that said insolvent was insolvent. On the following day the insolvent made an assignment for the benefit of his creditors, under the insolvency law of this state. In an action by the assignee against said purchaser to recover the debt due from him to the insolvent, *held*, such purchaser could not set off against such assignee the debt he had so purchased.

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered in pursuance of an order by Belden, J. Reversed.

*Cross, Carleton & Cross*, for appellant.
*Wilson & Van Derlip*, for respondent.

CANTY, J. This is an appeal from a judgment. No case or bill of exceptions is returned, and a reversal is urged on the ground that the conclusions of law and judgment are not sustained by the findings of fact.

The case was tried by the court without a jury, and the court finds: That on April 26, 1894, defendant became indebted to Johnson, Hurd & Co., a corporation, for labor and material furnished by it to him, and that the sum due therefor at the time of the trial

---

[1] Reported in 63 N. W. 625.

was $742. That on April 23, 1894, Johnson, Hurd & Co. made and de-livered its promissory note to the partnership firm of Forman, Ford & Co., whereby it agreed to pay to their order the sum of $750 two months after that date, with interest. That thereafter, on August 6, 1894, certain other creditors of Johnson, Hurd & Co. commenced proceedings for the appointment of a receiver for it under the insolvency law, by filing their petition in court, and serving on it on the same day an order to show cause, and an order restraining it from disposing of its property or assets until the determination of the proceeding. On the next day,—August 7,—Forman, Ford & Co. indorsed said note without recourse, and transferred the same to the defendant. On the next day,—August 8,—Johnson, Hurd & Co. made an assignment to the plaintiff, under the insolvency law, for the benefit of its creditors. Thereupon plaintiff, as such assignee, brought this action to recover of defendant said sum of $742 so due for said labor and material. Defendant pleaded as a set-off said note transferred to him by Forman, Ford & Co. The court below allowed the set-off, and ordered judgment for defendant. Plaintiff appeals. The court below further found that on August 8, when Johnson, Hurd & Co. made said assignment, it was, and for several months immediately prior thereto had been, insolvent, and that "defendant, at the time he obtained said note from Forman, Ford & Co., as hereinbefore found, had reasonable cause to believe that said Johnson, Hurd & Co. was insolvent, and defendant obtained said note for the purpose of using the same as a set-off to his indebtedness to said Johnson, Hurd & Co. * * * Said Forman, Ford & Co. knew of said application for a receiver as aforesaid, but did not disclose the same to the defendant at any time; and defendant had no notice or knowledge of said application for a receiver, or of said order to show cause." It was further found that said application to appoint a receiver was dismissed on August 14, 1894.

It is found by the court that Johnson, Hurd & Co. was insolvent, and defendant had good reason to know that fact when he acquired the demand he is now attempting to use as a set-off. It is a familiar rule that insolvency constitutes a distinct, equitable ground of set-off, when such set-off is just and equitable. Thus, if A. and B. have mutual demands against each other, ordinarily the demand

of A., which is not due, cannot be set off against the demand of B., which is due; but, if B. is insolvent, such set-off will be allowed. If insolvency is a ground of set-off when such set-off is just and equitable, why should not insolvency be a ground for refusing set-off when such set-off is unjust and inequitable? Is there any reason why the rule should not work both ways? We can conceive of none. As between the defendant and Johnson, Hurd & Co., it is just and equitable that this set-off be allowed. But to allow it as between the defendant and the creditors of Johnson, Hurd & Co., or plaintiff, who represents those creditors, is unjust and inequitable.

The principle here contended for is supported by authority. Smith v. Hill, 8 Gray, 572, is in point. The syllabus lays down the rule that "debts purchased with knowledge of the debtor's insolvency, and reason to believe he is about to go or be driven into insolvency, and notice to the debtor of the purchase, cannot be set off in an action by the assignee in insolvency upon a debt due from the purchaser to the debtor." The court held that to allow the set-off would be contrary to the spirit of the insolvent law. See, also, Stone v. Dodge, 96 Mich. 514, 56 N. W. 75, and the cases there cited; Diven v. Phelps, 34 Barb. 224, and cases cited; Venango Bank v. Taylor, 56 Pa. St. 14. The same doctrine is held by this court in Northern Trust Co. v. Rogers, 60 Minn. 208, 62 N. W. 273. These different cases hold that no set-off will be allowed of a claim acquired "after suspension," "after insolvency," "after the act of bankruptcy," "after filing the petition," "after issuing the injunction," etc. But we apprehend that it will be found that these terms mark the date at which, as to the particular transaction, the rights of the creditors in general become superior to the rights of the particular creditor, or to those of other persons who dealt with the insolvent debtor.

To what extent the fact that the note in question was long past due when it was transferred to defendant should be held to give him notice of the insolvency of the maker, it is not necessary here to determine. The court has found that defendant had, at the time the note was transferred to him, reasonable cause to believe that the maker was insolvent. Under the insolvency law, that would be sufficient to make him guilty of receiving a preference if he had re-

ceived the same directly from the insolvent debtor, and should be sufficient also to prevent him from doing indirectly what he cannot do directly,—obtain a preference by procuring a set-off from a creditor of the insolvent.

This disposes of the case, and the judgment appealed from is reversed.