NORTHERN TRUST COMPANY, Assignee, v. TRACY M. HILTGEN.[1]

Nov. 5, 1895.

Nos. 9446—(28).

**Parol Evidence to Vary Written Instrument.**

*Held*, that evidence offered to establish the defense attempted in this action was properly rejected on the familiar rule that parol evidence is inadmissible to alter, contradict, or vary the terms of a written instrument.

**Counterclaim.**

A counterclaim, to be admissible under G. S. 1894, § 5237, subd. 2, must exist in favor of a defendant and against a plaintiff at the time of the commencement of the action.

**Counterclaim against Assignee in Insolvency.**

Defendant acquired title to a claim against an insolvent more than one year after the assignment in insolvency. *Held*, in an action brought by the assignee to recover the amount due upon an asset of the insolvent, a promissory note, that such claim could not be used as a counterclaim.

Action in the district court for Hennepin county by plaintiff, as assignee of Farmers' and Merchants' State Bank, insolvent, against Tracy M. Hiltgen on a promissory note payable to said bank.   From an order, Elliott, J., denying a motion for a new trial, defendant appealed.   Affirmed.

The answer of defendant alleged that she was the widow of Peter J. Hiltgen, who died intestate March 24, 1893, leaving as his only heirs at law defendant and Louie Hiltgen, his daughter, and that there was then on deposit in said bank to his credit $2,014.06; that March 30, 1893, the bank agreed to transfer to the credit of defendant $1,500

[1] Reported in 64 N. W. 909.

of said deposit, and to honor her checks to that amount; that defendant agreed that, as early in the administration of the estate of said deceased as it could be done, she would procure said deposit to be assigned to her, and acquire it as her individual property; that she agreed to give, and said bank agreed to accept, the promissory note mentioned in the complaint as collateral security, to indemnify said bank against any loss it might sustain by her failure in the performance of said agreement to acquire the ownership of said deposit; that it was agreed between defendant and said bank that said $1,500, or so much thereof as should be drawn out by defendant, should be charged to her against and deducted from said deposit as soon as the same should be assigned to her and that she should not be liable to pay said note, or any part thereof, unless she failed to perform her part of said agreement; that pursuant to said agreement, and not otherwise, defendant executed to said bank said promissory note, and said bank honored the checks of defendant to the amount of $1,263.09; that May 31, 1893, in the probate court for Ramsey county, Minnesota, letters of administration upon the estate of said deceased were issued to Thomas Jeffrey and M. D. Rhame, who August 8, 1893, on behalf of said estate, filed with plaintiff proof of the claim of said estate against said insolvent bank for the amount of said deposit, and that said claim was allowed by said assignee November 15, 1893, at $2,014.06; that July 31, 1894, a final decree assigning the residue of said estate was entered by said probate court whereby one undivided third of said claim against said bank was assigned to defendant, and two undivided thirds to said Louie Hiltgen; that thereafter, and before making the answer, said Louie Hiltgen for a valuable consideration assigned to defendant all her interest in said claim, whereby defendant became absolute owner thereof, subject to the right of plaintiff to deduct therefrom said sum of $1,263.09 in fulfilment of said agreement. Defendant also alleged as a counterclaim the facts establishing the existence and allowance of said claim of decedent's estate against the insolvent's estate and her ownership thereof.

*John W. Gilger*, for appellant.

*H. D. Stocker*, for respondent.

COLLINS, J.    There was no defensive allegation in the answer in this action, and there was no offer of evidence in support of the allega-

tions which would take this case out of an application of the familiar rule that parol evidence is inadmissible to alter, contradict, or vary the terms of a written contract. The oral agreement set forth in the answer, and which the offered and rejected evidence was intended to establish, pertained to the very matter covered by the note in suit, and was inconsistent with its express terms. The proposed evidence was properly excluded. Harrison v. Morrison, 39 Minn. 319, 40 N. W. 66. See, also, Rugland v. Thompson, 48 Minn. 539, 51 N. W. 604.

Nor was the alleged counterclaim available to defendant, for two excellent reasons, at least: First. From the evidence offered by defendant it conclusively appeared that she did not acquire title to the demand against the bank until several days after this action was commenced. A counterclaim, to be available under G. S. 1894, § 5237, subd. 2, must exist in favor of a defendant and against a plaintiff at the time of the commencement of the action. Van Valen v. Lapham, 13 How. Prac. 240; Parsons v. Sutton, 66 N. Y. 92; Rickard v. Kohl, 22 Wis. 482. Second. Defendant acquired title to the proposed counterclaim more than one year after the payee bank had assigned in insolvency to this plaintiff. The very purposes of an assignment would be defeated if a demand against the insolvent, obtained after the assignment, could be used as a counterclaim in an action brought by the assignee to realize upon the assignor's assets. And it would also encourage the perpetration of great frauds by the latter's debtors. The demand against the bank could not be interposed as a counterclaim in an action upon defendant's note. See St. Anthony Lumber Co. v. Bardwell-Robinson Co., 60 Minn. 199, 62 N. W. 274; Northern Trust Co. v. Healy, 61 Minn. 230, 63 N. W. 625.

Order affirmed.