J. R. S. COSGROVE and Another v. JOHN McKASY, Assignee.[1]

July 8, 1896.

Nos. 9699—(12).

### Payment by Sureties—Set-Off against Note to Insolvent Principal—Contribution.

J. R. S. C. and J. A. C. were two of the five sureties upon a joint and several bond to a county, executed and delivered, that the principals in the bond, co-partners doing a banking business, might be designated a depositary for county funds, under the provisions of G. S. 1894, § 729 et seq. They were also indebted to said principals upon a promissory note, but in fact J. R. S. C. was the principal upon the note, while J. A. C. was a mere surety. While having county funds in their nands, the principals on the bond made an assignment, under the laws of this state, for the benefit of all of their creditors. The makers of the note then filed a petition with the district court, in which it was alleged that they had paid to the county a certain sum of money, which was one-half of the amount of county funds on deposit when the assignment was made, and petitioned that the amount of said payment might be offset as against the note in the hands of the assignee in insolvency.

*Held,* upon the allegations in the petition, and the fact that J. A. C. was a mere surety upon the note, that he was not entitled to have any part of the amount so paid by him to the county offset as against the note.

*Held,* further, under the allegation in the petition, and the rule that, when two or more sureties stand in the same relation to a principal, they must bear the burdens of this position equally, that J. R. S. C. was not entitled to have more than one-fifth of the amount due to the county on the bond offset as against the sum due on the note.

### Same—Equitable Set-Off.

The rule of equitable set-off in such cases, as announced in St. Paul & M. Trust Co. v. Leck, 57 Minn. 87, *held* applicable as to this one-fifth.

Petition in the district court for Le Sueur county in the matter of the assignment of Edson R. Smith and Rollin E. Smith, partners as E. R. Smith & Co., insolvents. John McKasy, assignee of the insolvents, interposed an answer. From an order, Cadwell, J., in part granting and in part denying the relief demanded, both the petitioners and the assignee appealed. Modified.

[1] Reported in 68 N. W. 76.

*O. J. Parker,* and *Warner, Richardson & Lawrence,* for petitioners.

*Thos. Hessian,* for assignee.

COLLINS, J. Edson R. and Rollin E. Smith had for some time prior to July 8, 1893, been co-partners in business in Le Sueur county, in this state, under the firm name of E. R. Smith & Co., keeping and conducting a bank of deposit generally known as the "Bank of Le Sueur." They had previously executed and delivered a bond to the county, which bond had been duly approved, and said firm had been duly designated as a depositary of county funds, as provided by G. S. 1894, § 729 et seq. The Smiths were the principal obligors on this bond, which was a joint and several obligation; and these petitioners, J. R. S. Cosgrove and J. A. Cosgrove, with three other persons, were sureties. On said day there was due from the firm to the county the sum of $4,180.09 on account of deposits theretofore made, and, being then insolvent, said co-partners duly made an assignment, in accordance with the laws of this state, and for the benefit of all of their creditors, of all of their firm and individual property not exempt from seizure and sale under execution.

Before said assignment, June 1, 1893, said J. R. S. and J. A. Cosgrove executed and delivered their promissory note, payable to the order of said E. R. Smith & Co., for the sum of $5,500, payable December 1, 1893, with interest, which note went into the hands of the assignee of said insolvents, as a part of the assets of their estate. September 8, 1893, the petitioners, as sureties upon the bond, paid to the county treasurer the sum of $2,090.05, and other sureties then and there paid the residue of the amount due to the county. They then petitioned the district court to adjudge that the amount so paid by them on account of the bond be declared a valid set-off as against the note, and to direct the assignee to surrender up the note on being paid the balance found due thereon.

Upon an answer made by the assignee, a trial was had, and the court found the facts as before stated. It also found that the note was given for money loaned by Smith & Co. to J. R. S. Cosgrove, that said J. A. Cosgrove signed the note as surety only, and that the relation still existing between the makers of the note was that of principal and surety. As conclusions of law, the court adjudged that J. R.

S. Cosgrove was entitled to have the sum of $1,045.03, paid by him to the county, applied upon the note as a payment,—the assignee being ordered to so apply that sum,—and that J. A. Cosgrove was not entitled to have any amount whatsoever applied. Both parties appealed,—the Cosgroves, from that part of the order which denied the right of set-off to J. A. Cosgrove, the surety upon the note as well as upon the bond, and the assignee, from that part which ordered the application of the amount paid by J. R. S. Cosgrove, principal upon the note and surety upon the bond. Both appeals were argued and submitted together.

The court below was clearly right in holding that the principal debtor upon the note was entitled to an offset, but it was in error when it ordered the same to the amount of $1,045.03, which was one-fourth of the amount due to the county. There was merely an allegation in the petition that the Cosgroves had paid the sum of $2,090.05, or one-half of the amount due on the face of the bond when the assignment was made, instead of two-fifths, the share they should have paid. The rule is that, where two or more sureties stand in the same relation to a principal, they must bear the burdens of the position equally. There were five sureties, and if there was equality of payment, as there should have been, each of the Cosgroves would have paid one-fifth of the debt, or $836.02. In no event would J. R. S. Cosgrove be entitled to offset more than the amount, prima facie, of his share of the sum due upon the bond, without some further allegation in his petition explanatory, and showing the necessity of such payment; for instance, the insolvency of another surety.

We have stated that the court was right in holding that the petitioner last mentioned was entitled to an offset. The case of St. Paul & M. Trust Co. v. Leck, 57 Minn. 87, 58 N. W. 826, is authority upon this point. The later cases cited by counsel for the assignee—Northern Trust Co. v. Healy, 61 Minn. 230, 63 N. W. 625, and Northern Trust Co. v. Hiltgen, 62 Minn. 361, 64 N. W. 909—have no bearing on the claim of offset made by J. R. S. Cosgrove.

And the court was also right when it held that J. A. Cosgrove was not entitled to offset any part of the amount paid by him as a surety upon the bond, as against the note, for the reason that it was not his note. He was not the principal debtor, but a surety only, and the doctrine of equitable set-off, invoked and relied on by him, cannot be

extended so far as to allow a surety for a debt due to an assignee in insolvency to offset, as against it, the amount of an obligation which he has been obliged to pay as a surety for the assignor. The latter is, in every respect, a debt due to the surety from the estate; but the former is not, strictly speaking, or for the purpose of invoking the equitable powers of the court, a debt due from the surety. It is in fact the debt of his principal, J. R. S. Cosgrove. A surety cannot be allowed to have reimbursement for the loss he sustained as a surety on the bond by offsetting the amount of his loss as against a debt actually due from J. R. S. Cosgrove.

The order appealed from must be modified so as to reduce the amount of offset allowed to $836.02. In all other respects it is affirmed.