### MARYLAND CASUALTY CO. et al. v. JOHN H. PARKER CO.

(Court of Appeals of District of Columbia. Submitted February 10, 1922. Decided April 3, 1922.)

No. 3652.

1. **Bankruptcy ⬳390—Bankrupt can sue to protect assets, after adjudication, and before appointment of trustee.**

After the adjudication in bankruptcy, the title to all choses in action belonging to the bankrupt's estate remains in the bankrupt until the appointment and qualification of the trustee, and the bankrupt accordingly could bring suit thereon; so that it was proper to deny motion to strike petition of intervention by the bankrupt, filed before the appointment of the trustee, and to permit the petition to be amended to inure to the benefit of the receiver in bankruptcy.

2. **Bankruptcy ⬳154—Surety cannot set off against bankrupt principal payment made for principal.**

In a suit on a government contractor's bond, where a bankrupt intervened to protect the claim against the contractor, a surety of the contractor could not set off against the intervener's claim a claim by it for expenditures as surety on the bankrupt's bond since the debt attempted to be set off arose out of a different transaction and different contract, and, under Bankruptcy Act, § 68 (Comp. St. § 9652), set-off is permitted only where the transactions involved resulted in mutual relation of debtor and creditor, and to permit a set-off in other cases would be to grant a preference, in violation of Bankruptcy Act, § 60 (section 9644).

Appeal from the Supreme Court of the District of Columbia.

Suit by the Central Construction & Supply Company against the William Gordon Corporation, as principal, and others, on a surety bond given by the principal to secure the performance of the contract with the United States, in which the John H. Parker Company filed a petition of intervention to protect its claim against the principal, which petition was amended with leave of the court, by entering it to the use of John J. Glynn, as receiver in bankruptcy of the John H.

Parker Company. From a judgment in favor of the receiver of the Parker Company, the Maryland Casualty Company and the other sureties appeal. Affirmed.

William C. Prentiss, of Washington, D. C., for appellants.

B. E. Hinton and J. C. Hammack, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This is an action on a surety company bond. Suit was originally commenced by the Central Construction & Supply Company against the William Gordon Corporation, as principal, and the appellant companies, as sureties. The bond was given by the William Gordon Corporation to the United States to secure the performance of its contract for furnishing the mechanical equipment in the Interior Department Building in the city of Washington.

The John H. Parker Company had a contract with the United States for building the Interior Department Building, and appellee, the Maryland Casualty Company, was one of the sureties on its bond. The Parker Company had a claim against the Gordon Corporation for materials and labor furnished in connection with installing the mechanical equipment, and there remained due thereon the sum of $949.83, with interest from October 1, 1917. The Parker Company filed a petition of intervention, to have its claim against the Gordon Corporation protected. At the time of intervention the Parker Company had been declared a bankrupt, and the trustee in bankruptcy had not been appointed, and was not appointed until the time expired within which, under the Bankruptcy Act (Comp. St. §§ 9585–9656), claims for labor and materials furnished could be filed.

Appellants filed a motion to vacate the order allowing the filing of the petition of intervention, and to strike out the petition, upon the ground that, by virtue of the Parker Company being adjudged a bankrupt, the company was without right or power to sue upon the alleged cause of action set up in its intervening petition. The court denied this motion, with leave to amend the intervening petition by entering it to the use of the receiver in bankruptcy, to which action the appellants excepted. This order was made after the time had expired within which, under the Bankruptcy Act, the Parker Company claim could be asserted against the Gordon Corporation.

Appellee, Maryland Casualty Company, answered the petition of intervention, claiming a set-off against the Parker Company for moneys expended by it as surety upon the Parker Company's bond. Demurrer to the plea of set-off was interposed, and sustained by the court. From a judgment rendered in favor of the receiver of the Parker Company, in the amount the parties stipulated would be correct, in the event that the court found the trustee was entitled to judgment, this appeal is prosecuted.

[1] Though the Parker Company had been declared bankrupt at the time it filed its petition of intervention, the title to all choses in action, belonging to the bankrupt's estate, remained in the bankrupt until the appointment and qualification of the trustee. The bankrupt accord-

ingly could bring suit thereon. Brandenburg on Bankruptcy (4th Ed.) § 1091; Johnson v. Collier, 222 U. S. 538, 32 Sup. Ct. 104, 56 L. Ed. 306. There was no error in sustaining the petition of intervention, and in permitting its amendment to the use of the receiver in bankruptcy.

[2] Nor can the Casualty Company's claim of set-off be sustained, since the debt due the Parker Company and the debt which the surety is attempting to set off arose out of a different transaction and a different contract. The amount sued for is due from the Gordon Corporation, the principal debtor, and belongs to the assets of the Parker Company's estate for distribution among the creditors. The Casualty Company is merely a creditor to the amount it was compelled to pay as surety. To permit it to set off, to the full amount of the claim in suit, would be to give a preference in violation of Bankruptcy Act, § 60 (30 Stat. 562).

In Cosgrove v. McKasy, 65 Minn. 426, 68 N. W. 76, we have almost a parallel case. A banking company, to obtain deposits of county funds, executed a bond to the county, on which J. R. S. Cosgrove and J. A. Cosgrove were two of the sureties. The bank failed, and the sureties had to pay the county several thousand dollars, of which sum the Cosgroves paid their pro rata share. Previous to the insolvency of the bank, the Cosgroves had given their note to the bank for money loaned, and, when the assignee of the insolvent bank sued the Cosgroves on this note, they attempted to set off the amount which they had paid as sureties on the bank's bond to the county. It was disclosed that the note represented a personal loan to J. R. S. Cosgrove, with J. A. Cosgrove as surety. The court, holding that J. A. Cosgrove was not entitled to a set-off, said:

"He was not the principal debtor, but a surety only, and the doctrine of equitable set-off, invoked and relied on by him, cannot be extended so far as to allow a surety for a debt due to an assignee in insolvency to offset, as against it, the amount of an obligation which he has been obliged to pay as surety for the assignor. The latter is, in every respect, a debt due to the surety from the estate; but the former is not, strictly speaking, or for the purpose of invoking the equitable powers of the court, a debt due from the surety. It is in fact the debt of his principal, J. R. S. Cosgrove. A surety cannot be allowed to have reimbursement for the losses he sustained as a surety on the bond by offsetting the amount of his loss as against a debt actually due from J. R. S. Cosgrove."

The stipulated amount in suit is due from the Gordon Corporation, the principal debtor, and should go to the receiver to swell the assets of the bankruptcy estate for pro rata distribution among the creditors. Where mutual debts or credits exist between the bankrupt and one attempting to make a set-off, they must arise from direct and mutual transactions between the parties. The transactions here involved, resulting in the mutual relation of debtor and creditor, were between the Gordon Corporation and the Parker Company, and between parties in that relation alone can the rule of set-off be invoked under Bankruptcy Act, § 68 (30 Stat. 565).

The decree is affirmed, with costs.