## A. J. VEIGEL v. E. E. CONVERSE AND OTHERS.[1]

October 1, 1926.

Nos. 25,547, 25,548.

**Debtors of insolvent bank not entitled to equitable offset.**

Debtors to an insolvent bank cannot, when sued by the receiver, offset moneys paid by them after the insolvency as sureties on a bond of the bank given to secure the repayment of deposits.

Banks and Banking, 7 C. J. p. 746 n. 17.

---

See note in 40 A. L. R. 1096.
See note in 25 A. L. R. 954; 3 R. C. L. 647; 1 R. C. L. Supp. p. 873; 5 R. C. L. Supp. p. 194.

[1]Reported in 210 N. W. 162.

Two actions in the district court for Redwood county by the commissioner of banks to recover on joint and several obligations acquired by the bank before insolvency; one for a written guaranty for several notes owned by the bank; the other upon a promissory note. Defendants appealed from orders, Olsen, J., sustaining demurrers to the answers. Affirmed.

*William R. Mitchell* and *Moonan & Moonan*, for appellants.

*George A. Barnes*, for respondents.

STONE, J.

Two actions by the commissioner of banks, as receiver of the First State Bank of Walnut Grove, to recover from defendants on their joint and several obligations acquired by the bank before its insolvency. One of the cases (25,548) is on a written guaranty of several notes owned by the bank. They were recited by the guaranty to be of "questionable value" and are now said to be worthless. Without going into details, we assume that the obligation in question, although in terms of guaranty, may now be considered a primary liability of defendants. The other action (25,547) is upon a promissory note of defendants executed and delivered to the bank in order to make good impaired assets and for no other purpose. The appeals are from orders sustaining demurrers to supplemental answers, one in each case. The only point now for consideration is whether the defendants are entitled to the equitable set-off, the right to which was asserted by the supplemental answers.

The attempted set-off is that of substantial amounts paid by several of the defendants in each case, after the insolvency, to make good their liability as sureties on a depository bond required of the banks as a condition precedent to the deposit therein of the public moneys of the county of Redwood. Other set-offs are claimed but the only one the right to which is seriously urged upon these appeals is of the moneys paid to the county under the depository bond.

The starting point for decision is the proposition that, when a bank becomes insolvent and goes into the hands of a receiver, "the respective rights and liabilities then existing between it and its

creditors and debtors become fixed" and its net assets, after satisfying the claims of preferred creditors, if any, are subject to "disposal and ratable distribution among all its general creditors, upon the principle of equality." No subsequent lien can be created or preference obtained. Balch v. Wilson, 25 Minn. 299, 33 Am. Rep. 467.

That rule prevents the set-off attempted in these cases. The opposing argument is that, inasmuch as between the bank as principal and defendants as sureties, their respective rights and liabilities had their inception before the insolvency and when the depository bonds became effective, the doctrine of relation may now be resorted to and thereby the rights of the sureties fixed as of the date when they became such. The argument would be unanswerable if it were a proper case for application of the doctrine of relation.

Following U. S. F. & G. Co. v. Wooldridge, 268 U. S. 234, 45 Sup. Ct. 489, 69 L. ed. 932, 40 A. L. R. 1094, we hold that the doctrine of relation is one "never allowed to defeat the collateral rights of third persons, lawfully acquired," and so cannot be used in these cases to subordinate the rights of other general creditors to those of defendants insofar as the latter claim as sureties who, as such, since its insolvency have paid an indebtedness of the bank.

It is true that one liable as surety, even though he has not yet been called upon to respond in money, may be entitled, in a proper case, to exoneration upon no other ground than that his principal is insolvent. Wendlandt v. Sohre, 37 Minn. 162, 33 N. W. 700. But in the instant cases, if any right to exoneration came into being with the insolvency it was qualified by the insolvency, for defendants as sureties for the bank had no right after the insolvency to compel the receiver to pay the whole debt of the principal, his only duty being to apply thereon only its ratable proportion of the net assets. If in such a case a surety could set-off all of his own debt to the insolvent, he would procure pro tanto much more than the equality to which he is entitled and compel the use of all of one asset of the bank, his own indebtedness to it, to pay the debt secured by his bond. That result would make every surety for a bank a preferred creditor to the extent that he was also its debtor. No such result is con-

templated by or possible under the applicable rules of equitable set-off.

In Balch v. Wilson, supra, an attempted set-off was denied and there is nothing in the opinion which supports the one attempted in the instant case. Northern Trust Co. v. Rogers, 60 Minn. 209, 62 N. W. 273, 51 Am. St. 526, and Northern Trust Co. v. Healy, 61 Minn. 230, 63 N. W. 625, are also cases where set-off was denied for reasons not material here. In St. P. & M. T. Co. v. Leck, 57 Minn. 87, 58 N. W. 826, 47 Am. St. 576, a set-off was allowed but it was the usual case of the mutual relationship of debtor and creditor existing between a bank and its depositor, the rule being that in every case where a depositor is himself indebted to a bank at the time of the insolvency, he may when sued on that indebtedness set-off his deposit even though his indebtedness to the bank was not due at the time of the insolvency. 3 R. C. L. 647. In such a case the asset of the bank in which all of the other creditors are entitled to participate, is not the entire indebtedness from the depositor in question but only the residue of that indebtedness after applying thereon the debtor's deposit in the bank at the moment of the insolvency. A very different situation is presented where a debtor of the insolvent attempts to off-set what he has paid subsequent to the insolvency as a surety of the bank. Were set-offs to be allowed in such cases, sureties for a bank would find an easy means of securing themselves at the expense of other creditors, to the extent that they could borrow from the bank.

In Cosgrove v. McKasy, 65 Minn. 426, 68 N. W. 76, a set-off was allowed in a case which, it cannot be denied, was very much like these. The result was put upon the authority of St. P. & M. T. Co. v. Leck, supra, which presented the very different situation noted above. The set-off was allowed, not of a deposit against an indebtedness of the depositor, but of an amount he had paid as surety for the bankers. The impossibility of relating the surety's right back to the date of his bond and so to a time prior to the insolvency seemingly was not considered. Anyway, it is not mentioned in the opinion. For that reason the decision cannot be considered as a correct application of the law to the issue now before us.

Richardson v. Merritt, 74 Minn. 354, 77 N. W. 234, 407, 968, if in point, is against any set-off here. It was a suit to recover the purchase price of stock. The balance due from the defendant for his stock was said to belong equally to all of the creditors and he was denied the preference which would have resulted from any set-off on his indebtedness to the corporation.

It is clear that, unlike the reciprocal claims between a bank and a depositor who is also its debtor on ordinary commercial paper, there is absent from the claims now under consideration that degree of mutuality ordinarily requisite to an equitable set-off. They arise out of transactions which are not only independent but also unrelated. The demands of defendants come through subrogation to the rights of the obligees of the bonds which they have paid. Those obligees could not have compelled the application to their claims of all of any one asset such as the indebtedness of defendants to the bank. That would be the result, that is, defendants as sureties would enjoy a greater right than those in whose place they stand through subrogation, if the set-offs here attempted were allowed. The orders appealed from were right in denying them by sustaining the demurrers. For a late review of the recent cases in point see 10 Minn. L. R. 443.

Affirmed.