## FARMERS & MERCHANTS STATE BANK OF THIEF RIVER FALLS, BY A. J. VEIGEL, v. O. F. MELBY.
## SAME PLAINTIFF v. P. W. ROARK.[1]

July 1, 1927.

Nos. 26,082, 26,083.

**Surety for bank on its depository bond cannot set off his liability on it when sued by the bank's receiver.**

The debtor of an insolvent bank when sued by its receiver cannot set off his liability as a surety for the bank upon a depository bond; following Veigel v. Converse, 168 Minn. 408.

Banks and Banking, 7 C. J. p. 747 n. 33 New.

---

See note in 40 A. L. R. 1096; 21 R. C. L. 1079; 6 R. C. L. Supp. 1299.

The plaintiff sued each of the defendants on his several promissory note. Each defendant answered, the plaintiff demurred to each answer, and the demurrer in each case was sustained. Each defendant appealed from an order of the district court for Pennington county, Watts, J., sustaining the demurrer, and the appeals were argued together. Affirmed.

*Perl W. Mabey* and *H. O. Chommie,* for appellants.

*Theo. Quale,* for respondent.

QUINN, J.

Two actions by the commissioner of banks as the receiver of an insolvent state bank for recovery on promissory notes of the defendants held by the bank at the time of its insolvency. The one defense averred by the answers was that defendants should have the right to set off the amount of their liability as sureties of the bank on a depository bond to the county of Pennington. The appeal in each case is from an order sustaining a general demurrer to the answer. It is immaterial that the amount of defendant's

[1]Reported in 214 N. W. 792.

liability as surety has not yet been ascertained or that he has not paid it, for whatever the amount may be, not even actual payment will give defendant the right of set-off he is now claiming, the precise point having been so ruled in Veigel v. Converse, 168 Minn. 408, 210 N. W. 162.

We have given attentive consideration to the argument of counsel for the defendants to the effect that the Converse case is distinguishable because of the supposed greater equity in favor of these defendants. The notes here sued upon are for borrowed money. They were not taken from those interested in the bank to make good impaired assets as were some of the obligations involved in the Converse case. But we cannot see that the character of the obligation or the nature of its source can make any difference in the result so long as it is a legal claim for money in the hands of the bank at the time of the receivership. That event has a sort of crystallizing influence upon the whole situation, particularly with respect to the status of both creditors and debtors. The former then become entitled to a ratable distribution of the assets of the bank and the latter become obligated to pay what they owe the bank; and what they owe is arrived at, if they happen to be creditors as well as debtors, by striking a balance between what they owe the bank and what the bank owes them.

No such balance can be struck as of the moment when the receiver is appointed in the case of sureties on bank depository bonds, for at that time the bank owes the surety nothing for it has paid nothing on its bond. But that fact alone would not be an insurmountable obstacle to a set-off if the rights of principal and surety were the only things involved, for a surety has the right to exoneration in the case of an insolvent surety even though as yet he has paid nothing and has suffered no loss as surety. That fact we recognized explicitly in the Converse case and explained our reason for not letting it control as against what we considered the superior equity of the creditors of insolvent banks. We then said that the right to exoneration, if any, in such cases came into being with the insolvency and was qualified by the insolvency. In the instant

cases, we consider the defendants in just as strong a position as though they had actually paid the claims against them on the depository bonds upon which they are liable. Considering their status from that viewpoint, it is plain that their claims could be given effect as of the time or before the receivership only through the doctrine of relation, and that cannot be done for the very good reason stated in U. S. F. & G. Co. v. Wooldridge, 268 U. S. 234, 45 S. Ct. 489, 69 L. ed. 932, 40 A. L. R. 1094. It cannot be allowed to defeat the collateral rights of third persons, here creditors. Plainly, their right to ratable distribution, as has been repeatedly observed, would be defeated to the extent that sureties for depositors, paying them, would not only get the right of subrogation to the claim of the depositor but the added one of applying upon the claim so paid the amount of their own debt.

We decided the question in Veigel v. Converse, 168 Minn. 408, 210 N. W. 162, fully aware of the conflict of authority, the nature of which well appears in the annotation of U. S. F. & G. Co. v. Wooldridge, 268 U. S. 234, 45 S. Ct. 489, 69 L. ed. 932, in 40 A. L. R. 1096. No purpose would be served by elaborating our reasons for denying the set-off. We might add however that so far as we have the right to consider the bearing of policy it seems wiser to adopt that view which will best protect creditors and favor them as against those who have joined with the bank as sureties or otherwise in assuming liability for its deposits.

Orders affirmed.