## J. W. TURNER v. A. A. ANDERSON.[1]

March 9, 1928.

No. 26,616.

**Under circumstances shown no abuse of discretion in allowing claim against estate.**

1. One having a claim against the estate of a deceased person was permitted by the probate court to file it after the six months period first allowed but within one year and six months after the making of the order for the hearing on claims. The claimant postponed the filing of his claim for the purpose of benefiting the estate and on the request of an attorney whom he had reason to believe represented its interests. There was no abuse of discretion in permitting the claim to be filed and allowing it, there being no suggestion of a defense on the merits.

**Liability as surety on depository bond cannot be offset by debtor to bank for money loaned him.**

2. A debt due an insolvent bank for borrowed money cannot be offset on a liability which has accrued against the debtor as a surety for the bank on a depository bond.

Banks and Banking, 7 C. J. p. 747 n. 33 New.
Executors and Administrators, 24 C. J. p. 368 n. 10.

The probate court for Rock county, Webber, J. allowed the claim of plaintiff against the estate of E. W. Colby. Defendant as administrator of the estate appealed to the district court. The plaintiff filed a complaint, the defendant answered, and the plaintiff demurred to the answer. From an order, Nelson, J. sustaining the demurrer, the defendant appealed. Affirmed.

*Canfield & Michael,* for appellant.
*Hansen & Engan,* for respondent.

STONE, J.

This probate proceeding for the administration of the estate of E. W. Colby, deceased, is here on a claim against the estate allowed by the probate court of Rock county. Upon appeal by the ad-

[1] Reported in 218 N. W. 456.

ministrator to the district court, a complaint was filed by the claimant wherein the proceeding was entitled as above. This appeal is by the administrator from an order sustaining a general demurrer to the answer, allowing the claim at its full amount, and ordering judgment accordingly. As one directing judgment, the order was not appealable. But in so far as it sustained the demurrer it was appealable, and in that character we review it.

Mr. Colby departed this life April 4, 1926. July 19, 1926, appellant was appointed administrator of the estate, and on the same day the probate court made its order limiting the time for the filing of claims to the usual six months period. The claim here in question is upon a promissory note for $2,392.23, given by deceased for money borrowed from the National Bank of Luverne, now in process of dissolution by plaintiff as its receiver. There is no attempt at a defense on the merits. But the note was not filed as a claim against the estate within the six months period first allowed. May 24, 1927, the receiver applied to the probate court for leave to file the claim, and after a hearing on the application the claim was permitted to be filed and allowed on June 20, 1927.

1. This brings us to the first point made for defendant on this appeal, that no cause was shown justifying the probate court, even in its discretion, in receiving and allowing the claim. The application was made pursuant to G. S. 1923, § 8811, which provides that "for cause shown," the probate court "in its discretion, may receive, hear, and allow a claim when presented before the final settlement of the administrator's or executor's account, and within one year and six months after the time when notice of the order was given." The final account of the administrator had not been presented for settlement, and the statutory maximum period of one year and six months had not run. The only question is whether there was an abuse of discretion in permitting the filing and in allowing the claim.

We discuss this proposition on its merits, although probably we should not. The complaint in the district court set out the note and its filing and allowance in the probate court as a claim against the estate. The answer, held bad on demurrer, is silent as to the

proceedings in the probate court, except to show that the claim was not filed within the six months first limited. It makes no attempt to negative the order made subsequently allowing the claim or to question its propriety. So the answer falls far short of pleading facts sufficient to put in question the presumptively valid action of the probate court permitting the claim to be filed and allowing it.

But counsel have argued the merits of the case, and to forestall a further appeal from the judgment we have considered them. The claim was filed by one Heimark, plaintiff's predecessor as receiver. He knew of the death of Mr. Colby and generally of the proceedings for the distribution of his estate. The proof offered the probate court was that he postponed the filing of the claim at the request of an attorney who had and deserved his confidence and who at the time was representing the Colby interests in important litigation arising over the depository bonds to be mentioned later. He had some ground to assume that that attorney represented the Colby family interests. He postponed the filing of the claim because, as it was represented to him by the attorney in question, a settlement was pending, concerning the litigation just referred to, which might have been jeopardized by the too early appearance of the claim. The receiver's purpose was to aid the estate. We need not go into detail. What has been said indicates that, while the administrator had no right to waive the six months limitation of the probate court, the grounds upon which he acted were of such a nature that there was no abuse of discretion in the order permitting the filing of the claim and allowing it. There is merit in the argument that, although the receiver of the bank was mistaken in assuming that the attorney had the right to speak for and bind the estate as such, there would be obvious injustice in allowing the administrator to take advantage of that error to accomplish a miscarriage of justice and defeat a claim for which the deceased admittedly was bound.

2. Mr. Colby had become surety upon the bonds of the National Bank of Luverne which secured deposits of county and school district funds. The claim that the liability as surety (now reduced to judgments) can be offset against that on the promissory note, evidencing money loaned by the bank, is ruled adversely to appellant

by Veigel v. Converse, 168 Minn. 408, 210 N. W. 162; .Farmers & Mer. State Bank v. Roark, 172 Minn. 80, 214 N. W. 792; and Hallam v. Southern Surety Co. 173 Minn. 133, 216 N. W. 546.

Order affirmed.