*329
 
 PeaRSOn J.
 

 In 1850, the defendant sued the plantiff in assumpsit, and at Spring Term 1853, obtained judgment for $198, for which execution has issued. In 1841, the plantiff became the surety of the defendant, to one Pearson for $175. In 1850, Pearson sued for the debt and obtained judgment, which was paid off by the plantiff in December 1852.
 

 The prayer is to enjoin the defendant from collecting any more than the difference between the two sums; that the one sum may be declared to be a discharge of the other; a demurrer is filed; upon the argument, the defendants counsel put the case, on the objection, that the plantiff could not be heard in this court, because he had no judgment at law to prove his debt. Prom the argument in this case and several others, when the matter was alluded to incidently, we perceive that the members of the profession, have fallen into error, in regard to the extent of the rulé, that the party must establish his debt by a judgment, before he can come into Equity. That is not a general rule; but is a rule confined to cases where a creditor seeks the aid of a court of equity in the collection of his debt, on the ground of imposing on an equitable interest, the liability which would attach at law, on a corresponding legal interest. Inasmuch as the right of a creditor cannot attach to a legal interest, until he takes judgment, and in most cases until he issues execution, so no right can attach to an equitable interest of the debtor, until the creditor has taken judgment at law, and in most cases until he has issued execution. This doctrine is treated of in the English works under the head of equitable
 
 fieri facias and degit
 
 — and the cases in our reports all show that the rule is confined to creditors, who are seeking the aid of Equity in the collection of their debts, having no other ground for coming into equity, than the fact, that they are not able to enforce collection at law. Under these circumstances the court of equity will not give relief, until the debt is established by a judgment, and in most cases, not until the fact that collection cannot be inforced at law is es
 
 *330
 
 tablished by haying an. execution returned,
 
 Nulla
 
 bona. Bridges
 
 v.
 
 Moye — Bus. Eq. 173. Rambaut v. Mayfield, 1st Hawks 85. Brown
 
 v.
 
 Long, 1 Ir. Eq. 192. Dozier
 
 v.
 
 Dozier, 1 Dev.
 
 &
 
 Bat. Eq. 96. Peoples
 
 v.
 
 Tatum, 1 Ir. Eq. 414. Donalson
 
 v.
 
 Cape-Fear Bank, 1 Dev. Eq. 103.
 

 A perusal of these cases, notwithstanding some general expressions, will show clearly, that the rule is not a general one, but applies only to particular cases. Our case shows that such a rule would not work right as a general rule: for the very ground of the plantiff's equity is, that in the meantime, (pending the suits) the defendant removed to the State of Arkansas, having no estate here, so that the plantiff has no remedy against his person or property, unless he is allowed in Equity to retain of the fund which he owes the defendant, the amount that the defendant owes him, so as to consider the difference between the two sums, as the amount actually due: to require of him to take a judgment at law, before he can come into this court, would be in effect to deny the equity.
 

 Instances where the issue “ debt or no debt
 
 ”
 
 has been passed upon by a court of equity without requiring that the fact of the debt should be first fixed by a judgment at law are without number ; as when an executor is allowed to retain out of a legacy, a debt due by the legatee to the testator, BARNS
 
 v.
 
 PeaRSOn, 6 Ir. Eq. 482 : or a mortagee to insist that debts, other than that secured, shall be paid before redemption : and in the numerous cases of creditor’s bills against an executor or administrator.
 

 In the investigation of this case, another point was suggested. The plantiff paid the money in December 1852. The suit was brought in 1850, though the judgment was not taken until Spring 1853 — could the plantiff have had. the benefit of this payment as a set off, by way of plea since the last continuance? It would seem that he could not, for a set off must exist at the time the original action is commenced — its being true at the time of plea pleaded, will not suffice, Mizell v. Moore, 7 Ire. 255.
 

 
 *331
 
 So a plea since the last continuance, would not be applicable to sot offs. Bnt without deciding the question of special pleading as is said in Smith
 
 v.
 
 Hates, decided at this term, ante “apart from the construction that-equity seeks to avoid a multiplicity of suits and that to receive with our hand and pay back with the other, is not only useless, but can be of no advantage to the one, and may put the other party to inconvenience, and probably subject him to loss we have here the equitable ingredient, that the defendant has removed to the State of Arkansas, leaving no property in this State, so that unless the plan tiff is allowed to “hold on” by way of retainer to the fund in his hand, he will be without remedy. This equity as between the parties, that is, when the rights of third persons do not intervene, is clear and well settled both upon principle and by the authorities.
 

 Injunction continued until the hearing, demurrer overruled. Defendant required to answer.
 

 Decree accordingly.