D. W. BAIN, State Treasurer, v. CLINTON LOAN ASSOCIATION et al.

*Joint Stock Association—Rights and Liabilities of Members—
Insolvent Corporation—Unpaid Subscriptions.*

1. An association of persons doing business as a joint stock company, having no charter either by special act of the General Assembly, or under the general law, and hence having no corporate existence, is a partnership, and suit may be brought by each creditor against any or all of the members or partners; and where such association becomes insolvent its members or stockholders who are creditors are not entitled to any dividend on their debts until the other creditors shall be paid in full.

2. Where a joint stock (unincorporated) association is succeeded by an incorporated company, whose stockholders are the members of the joint stock association and pay their subscriptions to the stock of the new, not in cash, but in stock of the old concern, they are debtors to the full amount subscribed by them, and if they are also creditors of the corporation and it becomes insolvent, they cannot share in any part of the assets until their liability has been paid in full. In such case, the receiver should retain all dividends on debts due to stockholders thus indebted to the corporation until he is ready to make a final settlement with all the creditors.

In an ACTION brought in the Superior Court of WAKE County by the State Treasurer against the defendant, the Clinton Loan Association, for the appointment of a receiver and the winding up of its business, W. A. Dunn was appointed receiver, and, in the course of liquidating the company's affairs, petitioned the Court for instructions as to payment of dividends, his petition being, in substance, as follows:

That in the year 1887 divers persons in Sampson county and elsewhere organized an association, or unincorporated joint stock company, called "The Clinton Loan Association," under articles of agreement or constitution, and for several years continued to do a banking business

in the town of Clinton; that a corporation called "The Clinton Loan Association" was chartered by the General Assembly at its session of 1891, chapter 57, and on the 18th day of March, 1891, its corporators organized and accepted said charter, and continued to do a banking business till the beginning of this action; that it was the desire of nearly all of the stockholders of the old joint stock company to procure a charter, and upon its granting by the General Assembly, and at the time of organizing thereunder, a meeting of the corporators was held and a resolution adopted that all subscribers to stock in the new concern should be allowed to pay for their stock by the stock of the old joint stock company; about $42,000 (out of $50,000) of the old stock was thus transferred to the new concern in payment for stock; the residue of the old stockholders did not subscribe to the stock of the new concern; said stock was then worthless; that the said joint stock company, before closing business, duly executed a deed of assignment to the corporation, conveying all its property of every description to said corporation in trust, first, for the payment of all depositors, time and call, then any unpaid dividends of said company, and the residue to the stockholders thereof; that the said corporation proceeded to administer the assets of said joint stock company, or association, and paid out in cash to holders of claims against said association about as much as it collected; but in many instances the creditors of the old concern surrendered their evidences of debt or claims against the old concern, and accepted in lieu thereof certificates of indebtedness of the new concern; so that now the new concern has its paper outstanding to the amount of between $38,000 and $40,000 in excess of its collections from the assets of the old concern; that the petitioner has made collections on both the assets of the old and the new concern; that some

of the stockholders of the old concern were depositors therein, and it is still indebted unto them on account of the same; that some of the stockholders of the *corporation* were depositors therein, and it is still indebted unto them on account thereof; that your petitioner was appointed receiver in this action on or about the 22d day of December, 1891, by the Judge of the Superior Court, under proceedings instituted by the State Treasurer; by virtue thereof the receiver took charge of all the assets of the old and new concern, and has made considerable collections, and will very shortly proceed to make a distribution among the creditors. To enable him to do so with safety and fairness he desires the advice and direction of the Court upon the following questions:

1. Are the new and the old concern to be treated as separate, or one and the same?

2. Is the corporation entitled to retain from the assets of the old concern the amount of its outstanding paper, which was issued in lieu of the paper of the old concern, before any payments are made to the other creditors of the old concern?

3. Are the stockholders of the old concern, who are also creditors thereof, entitled to any dividend on their debts till the other creditors are paid in full?

4. Are the stockholders of the new concern, who are also creditors thereof, entitled to any dividend on their debts till the other creditors are paid in full?

His Honor, Bryan, Judge presiding, rendered the following judgment:

"The Court doth order and adjudge as follows, and advise the receiver to pay out upon the following principles:

"Answer to question first: Separate and distinct.

"Answer to question second : The corporation is entitled to stand in the shoes of the creditors of the old concern, whose paper it took up and may share *pro rata* in the assets of the old concern to that extent.

"Answer to question third : Yes ; but the receiver will pay to the creditors who have heretofore obtained judgments against any of the stockholders of the old concern, who are or shall be entitled to dividends as creditors of the old concern, such portions of such dividends as may be equal to the *pro rata* share of the respective liabilities of such stockholders upon such judgments, calculated upon the basis of the amount of the stock held by each of them in the old concern, and any surplus over and above such *pro rata* share will be paid over to the said stockholders respectively."

The answer to the fourth question, though not appearing in the transcript, was stated in the argument to have been 'Yes.'

From this order the receiver and the creditors of the old and of the new concern appealed.

*Mr. Robert O. Burton*, for Receiver Dunn (appellant).
No counsel *contra*.

BURWELL, J.: The counsel for the appellant concedes in this Court that the answers of his Honor to the first and second questions propounded by the receiver are correct, but contends that his answers to the third and fourth questions are not in accord with the rights of the creditors of the two concerns, the joint stock company and the defendant corporation.

It is necessary first to determine in what relation the members of the first Clinton Loan Association (the joint stock company) stand towards the creditors of that concern.

Each member is liable to each creditor for the full amount of his claim. This is so because that association was a partnership, and suit may be brought by each creditor against any or all of the partners. *The Code*, §§187 and 222. We speak now of the liability of the members to the creditors, and not of the liability of the members *inter sese*. It was not a corporation. There was no special charter from the General Assembly making it an artificial person capable of contracting. Its members had not complied with the provision of the general law (*The Code*, ch. 16, and acts amending it) so as thus to acquire for their association this artificial corporate existence, and, indeed, they seem to have been engaged in a business (banking) which prevented them from availing themselves of the provisions of the general law, and becoming a corporation or an *incorporated* joint stock company. *The Code*, §§677, 684. Mr. Beach, in his work on private corporations, section 167, says: "A joint stock company may be defined to be a partnership whereof the capital is divided into shares which are transferable without the express consent of all the copartners. Its articles of association have the same relation to it that the charter has to an incorporated company, regulating the duties of the officers and the duties and obligations of the members among themselves. At common law they have none of the rights and immunities of regularly incorporated companies, being nothing more than partnerships, and every member of the company is liable for the debts of the concern, no matter what the private arrangement among themselves may be." All the authorities seem to be to the same effect. We have in this State no statutes regulating the law of such companies, such as are in force in England and in New York, and in some other States.

Such being the relation of "the stockholders of the old concern, who are also creditors thereof" to the other cred-

itors, we conclude that the proper answer to the third question is, "No," for they are members of a bankrupt firm, and a partner is not allowed to prove against a bankrupt estate of the firm for an amount owed him by the firm in competition with joint creditors, for he is their debtor. 2 Bates on Partnership, section 836.

We think that the fourth question of the receiver should also be answered, "No."

The "new concern" is a corporation. None of its stockholders have paid any part of their subscriptions for stock. *Foundry Co.* v. *Killian,* 99 N. C., 501. They are debtors to the full amount subscribed by them, and cannot be allowed to appropriate any part of the fund belonging to the other creditors till their liability has been paid. The receiver should retain all dividends on debts due to stockholders thus indebted to the corporation until he is ready to make a final settlement with all the creditors. The receiver will pay the costs out of the funds in his hands.

Judgment Modified.