WILLIAM E. RICHARDSON v. LEONIDAS MERRITT.

November 30, 1898.

Nos. 11,301—(68).

Principal and Surety — Insolvency — Another Action Pending — Set-off—Practice.

The surety of an insolvent principal was indebted to the principal. This action was brought to recover such debt. He pleaded in his answer that an action had been brought against him as such surety. He did not move for a stay of proceedings in this action, but went to trial without objection, and on the trial proved that he was such surety, and that said other action was pending to determine his liability as such. *Held*, this was no defense; that he should have moved before trial for a stay of proceedings, until his liability as surety could be determined, and he could pay, if found liable, and offset in this action the amount so paid.

Same—Disposition of Case.

Case remanded, with leave to defendant to apply to the court below to hold the case open for that purpose.

On Reargument.

January 20, 1899.

Same—Action by Assignee for Price of Stock.

In an action brought by an assignee in insolvency of a corporation, for the purchase price of stock issued by the corporation to the defendant, *held*, the amount due belongs equally to all the creditors, and he cannot obtain a preference over the other creditors by offsetting an indebtedness due to him from the corporation.

Action in the district court for St. Louis county by plaintiff, as assignee of the American Loan & Trust Company, to recover balance due on a promissory note given by defendant for the purchase price of capital stock in that company. The case was tried before Ensign, J., without a jury, who ordered judgment in favor of plaintiff for $3,142.18. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Washburn, Lewis & Bailey,* for appellant.

Whatever rights the defendant would have against the trust com-

pany, he has and retains against its assigns. St. Paul & M. Trust Co. v. Leck, 57 Minn. 87; Laybourn v. Seymour, 53 Minn. 105; Merwin v. Austin, 58 Conn. 22. Since defendant is surety on the trust company's bond, which is being litigated and on which he may be held liable, he is entitled to indemnity or protection against that liability before he can be held in this action. Cosgrove v. McKasy, 65 Minn. 426. G. S. 1894, § 5236, providing for equitable relief to defendants, was intended to cover such a case as the one at bar. While it is generally true that in law a set-off cannot be enforced by defendant without payment, yet the jurisdiction in equity exercised by courts over matters of set-off is broad enough to permit its exercise in such cases. High, Inj. § 244.

In an action against a surety, if the principal debtor is insolvent, the surety may set off a debt due from the plaintiff and the principal debtor. Becker v. Northway, 44 Minn. 61; Lindsay v. Jackson, 2 Paige, 580; 2 Story, Eq. Jur. § 1437. The insolvency of a principal debtor makes such a state of facts as to warrant a court of equity in intervening in behalf of the surety. St. Paul & M. Trust Co. v. Leck, supra; Laybourn v. Seymour, supra. A set-off may be allowed though no suit could be maintained upon it at the time. Richardson v. Doty, 44 Neb. 73. A principal who is insolvent cannot collect a debt which a surety owes him, without first indemnifying the surety. 1 Brandt, Sur. (2d Ed.) §§ 227, 253. See also Walker v. Dicks, 80 N. C. 263; Scott v. Timberlake, 83 N. C. 382; Merwin v. Austin, supra; Feazle v. Dillard, 5 Leigh, 30; Tuscumbia v. Rhodes, 8 Ala. 206. A surety has a right of action to compel his principal to pay the debt. G. S. 1894, § 5272; 1 Story, Eq. § 327; Hannay v. Pell, 3 E. D. Smith, 433; Irick v. Black, 17 N. J. Eq. 189; Howell v. Cobb, 2 Cold. (Tenn.) 104; Ritenour v. Mathews, 42 Ind. 7; West v. Chasten, 12 Fla. 315; Edwards v. Prather, 22 La. An. 334. A surety has the right to be indemnified against a loss which he fears, when his principal is in default, and this he may do without paying the debt. See Mattingly v. Sutton, 19 W. Va. 19; Beaver v. Beaver, 23 Pa. St. 167; Ardesco v. North America, 66 Pa. St. 375; Moore v. Topliff, 107 Ill. 241; Lindsay v. Jackson, supra. A surety in such case can ask an injunction against the sale of his

principal's property.   Howell v. Cobb, supra;  Philadelphia v. Little, 41 N. J. Eq. 519.

*Billson, Congdon & Dickinson,* for respondent.

The defendant's possible future liability which may result from his contract of suretyship is not a subject of set-off, as it is not a debt due or to become due.   Weller v. Eames, 15 Minn. 376 (461); 1 Brandt, Sur. §§ 205, 222; Walker v. McKay, 2 Metc. (Ky.) 294; Jones v. Wolcott, 15 Gray, 541; Backus v. Spaulding, 129 Mass. 234; Stearns v. Irwin, 62 Ind. 558; Covey v. Neff, 63 Ind. 391; Huse v. Ames, 104 Mo. 91; Houston v. Fellows, 27 Vt. 634; Mc-Mullin v. Bank, 2 Pa. St. 343; Jenkins v. Brewster, 14 Mass. 290; Houghton v. Houghton, 37 Me. 72; In re Hill, 67 Cal. 238; Waterman, Set-Off, §§ 94, 133; 2 Story, Eq. Jur. §§ 1438, 1439, 1436.

While insolvency matures debts for the purpose of allowing an equitable set-off of an existing debt not yet due, a distinction is to be observed between a demand contingent in the sense of not being mature, and a contingency whether there will ever arise any demand.   Wilder v. Peabody, 37 Minn. 248; Eastman v. Hibbard, 54 N. H. 504.   Though the defendant should be held liable in the pending action of the county on the surety bond, and he should hereafter make payment on account of such liability, there would not even then arise, as against this assignee, a right to have the sum so paid, set off against the debt due to him.   The right of creditors became vested by the assignment, and cannot be devested or displaced by the defendant's right of action against the assignee, acquired by such payment subsequent to the assignment.   See Field v. Flanders, 40 Ill. 470; Meyers v. Davis, 22 N. Y. 489; Huse v. Ames, supra; Burrill, Assign. § 361; Spaulding v. Backus, 122 Mass. 553; Bradley v. Angel, 3 N. Y. 475.

It is only those equities existing at the time of the assignment that are available against the assignee.   2 Pomeroy, Eq. Jur. §§ 710, 714; Waterman, Set-Off, § 148; 2 Story, Eq. Jur. §§ 1434, 1435; Greene v. Darling, 5 Mason, 201; Tuscumbia v. Rhodes, 8 Ala. 206, 211–216, 227 (dissenting opinion).   The rights of the parties must be determined with reference to the conditions of things existing when the assignment was made.   Balch v. Wilson, 25 Minn. 299; North-

ern Trust Co. v. Rogers, 60 Minn. 208; Northern Trust Co. v. Healy, 61 Minn. 230; Wilder v. Peabody, supra. The present equitable right of the creditors of the insolvent to have the insolvent's assets distributed pro rata in payment of their actually existing debts, pursuant to the policy of our law in case of insolvency, is superior to that of a surety of the insolvent who has no existing debt against the latter and may never have any. See Chance v. Isaacs, 2 Edw. Ch. 348; 1 Pomeroy, Eq. Jur. §§ 416, 417.

In the following cases similar to the one at bar, the equitable remedy here sought to be invoked by the defendant was denied: Walker v. McKay, supra; Hewitt v. Kuhl, 25 N. J. Eq. 24; Kinsey v. Ring, 83 Wis. 536; Adams v. Rodarmel, 19 Ind. 339; Nettles v. Huggins, 8 Rich. L. 273; Jones v. Wolcott, supra; Clark v. Brockway, 3 Keyes, 13. See also Osgood v. Ogden, 4 Keyes, 70; Oatman v. Batavian, 77 Wis. 501; Chance v. Isaacs, 5 Paige, 591.

The only equity upon which the defendant can rely in invoking relief by way of set-off, or by staying or enjoining this legal action, must be such as, if presented by a bill in equity, would have entitled the complainant to equitable relief, enjoining the prosecution of an action on the defendant's note. Gates v. Smith, 2 Minn. 21 (30); McClane v. White, 5 Minn. 139 (178); Barker v. Walbridge, 14 Minn. 351 (469); Williams v. Murphy, 21 Minn. 534; Becker v. Northway, 44 Minn. 61. The defendant stands in the position of a complainant, bound to plead and prove every fact necessary to establish the affirmative equitable defense of set-off. Lockwood v. Beckwith, 6 Mich. 167; Hewitt v. Kuhl, supra; Maloney v. Finnegan, 38 Minn. 70; 2 Beach, Eq. Jur. §§ 642, 643.

The case at bar is to be distinguished from St. Paul & M. Trust Co. v. Leck, 57 Minn. 87, and Cosgrove v. McKasy, 65 Minn. 426. The former decided that the nonmaturity of a debt at the time of an assignment would not preclude its being set off and was cited by the court as decisive in the latter. In the case at bar there is not even a debt whereon to base a set-off, much less a nonmatured debt.

CANTY, J.

From April 12, 1893, to July 11, 1894, defendant was indebted to the American Loan & Trust Company in the sum of $3,000, for

which it held his promissory note. On the latter day the trust company, being insolvent, made an assignment under the insolvency law for the benefit of all its creditors. The assignee accepted the trust, qualified, and brought this action to recover the amount of the note. The defendant in his answer admitted the making of the note, and alleged that on April 16, 1892, the trust company as principal, and he and other persons as sureties, executed to the county of St. Louis a bond, and that an action has been brought against him and the other sureties on the bond to recover the sum of $106,000.

On the trial, the court found that the bond was executed to secure the payment of such moneys of said county as should be deposited with the trust company within the period prescribed in the bond, and that said other action was brought to recover the sum of $106,-141.08, the same being the balance claimed by the county to be due it from the trust company for county funds so deposited with it pursuant to the designation of it as a depositary of county funds under the bond. The court ordered judgment for plaintiff herein for the full amount due on the note, and from an order denying a new trial defendant appeals.

Appellant contends that the facts found by the court, as above stated, constitute an equitable defense to the action. We cannot so hold. We are of the opinion that the facts so found gave defendant a right to a stay of proceedings until a reasonable time had elapsed to enable him to have his liability on the bond determined, and to pay the amount adjudged against him thereon, and plead such fact of payment in a supplemental answer in this action.

But defendant never made before trial any motion for a stay of proceedings in this action. On the contrary, he went to trial on the merits without objection. After he had paid the amount for which he is liable to the county on the bond, or any part thereof, he would have an equitable defense on the merits for the amount so paid, even though it was paid after this action was commenced. Cosgrove v. McKasy, 65 Minn. 426, 68 N. W. 76; Thompson v. McClelland, 29 Pa. St. 475; Beaver v. Beaver, 23 Pa. St. 167; Brittain v. Quiet, 54 N. C. 328.

But if, by reason of his being a surety on the bond, he has,

without making any payment as such surety, a complete defense to this action, and every action brought by plaintiff, he may escape liability on the note and the bond both, and thereby be $3,000 ahead. He may succeed in preventing a final determination of his liability on the bond until the statute of limitations has run against the note, and then it may turn out that he is not liable on the bond at all. In the meantime, no action can be maintained on the note, and the insolvent estate of the trust company must remain unsettled, perhaps for years.

If the equity for which defendant contends is a defense on the trial, it must be as a plea in bar, which entitles him to judgment on the merits, or a plea in abatement, which entitles him to have the action dismissed. In our opinion, it is neither. He has certain equitable rights, to protect which, under the old practice, a bill in equity would lie to enjoin the prosecution of this action until a sufficient time had elapsed for him to determine his liability as surety on the bond. But a temporary injunction only would issue for this purpose, and, after he had paid the amount of his liability as surety, a final hearing would be had, and a permanent injunction would then issue. Mattingly v. Sutton, 19 W. Va. 19 (see page 35). This is a well-recognized equitable right. Brandt, Sur. § 227.

Of course, if it was determined that he owed nothing as surety, or owed less than the amount claimed to be due from him to his insolvent principal, the temporary injunction would be dissolved or modified accordingly, and the action so enjoined would proceed to a final determination. The practice of issuing such an injunction is now abolished, and, under our code practice, the office of the temporary injunction is performed by an order in the action staying proceedings before trial. Instead of the final hearing for a permanent injunction, the defendant should file a supplemental answer, alleging that he has paid the amount of his liability as surety, or so much thereof as is sufficient to offset the amount due plaintiff, and then proceed to trial.

It will thus be seen that, neither under the present practice nor the old common-law and equity practice, should the action terminate until defendant's liability as surety was determined, and, if he was held liable, until he had paid enough to offset the claim of his

insolvent principal against him. But, of course, if he does not use reasonable diligence to bring about this result, the stay of proceedings may be vacated.

Defendant has proceeded in this case on the theory that he had a right to urge on the trial an equity which, if sustained, should have postponed the trial,—an equity which, for the present, should prevent a trial without abating the action. This course is approved in Walker v. Dicks, 80 N. C. 263, but in that case the defendant had paid on his liability as surety more than sufficient to offset the amount due from him to his insolvent principal, so that on this point the opinion is merely obiter. However, the same doctrine was laid down in Scott v. Timberlake, 83 N. C. 383, where the surety had paid nothing. We cannot follow these cases.

We are of the opinion that the remedy is by motion to stay proceedings before trial, not to prove on the trial an alleged defense, which should have no effect but to postpone the trial.

But we are of the opinion that the trial court might yet, in its discretion, stay proceedings until this defendant's liability as surety is determined, with a view to further proceedings to be instituted by supplemental pleadings, and the introduction of further evidence therein, when defendant's liability as surety is determined. In that case the issues already tried would be disposed of, the findings already made would stand, and the case would remain open a reasonable time for further issues, and a trial thereon, when such liability as surety was determined.

The order appealed from is affirmed, with leave to defendant to apply to the court below so to stay proceedings and open the case.

An application for a reargument having been made the following order thereon was filed December 21, 1898:

PER CURIAM.

The petition for a reargument in this case is hereby granted on the question on which a reargument is sought, to wit:

Is the defendant herein precluded from setting off any amount which he may pay as surety on the bond against the amount due from him to plaintiff by reason of the fact that the latter amount is due as the purchase price of the stock of the American Loan &

Trust Company, which stock was issued or sold to him by the trust company, of which plaintiff is the assignee in insolvency?

It is ordered that * * * the matter be submitted to this court on briefs on Monday, January 16, 1899.

*Washburn, Lewis & Bailey*, for appellant.

*Billson, Congdon & Dickinson*, for respondent.

The law is well settled that when a corporation has become insolvent and subscriptions for its stock are being enforced for the benefit of the corporate creditors, a subscriber cannot, in the suit brought to collect his subscription or to enforce his contract obligation to pay for the stock, set up as a counterclaim or set-off any obligation or indebtedness of the corporation to himself. The ground of this doctrine is the absolute nature of the obligation, as respects creditors, of the members of such corporation to pay their subscriptions to the capital stock, and the fact that a failure to respond to that obligation would be practically a fraud upon creditors. Hospes v. Northwestern Mnfg. & C. Co., 48 Minn. 174; Sawyer v. Hoag, 17. Wall. 610; Sanger v. Upton, 91 U. S. 56; Wabash, St. L. & P. Ry. Co. v. Ham, 114 U. S. 587; Fogg v. Blair, 133 U. S. 534; Peters v. Bain, 133 U. S. 670; Hollins v. Brierfield C. & I. Co., 150 U. S. 371; Lawrence v. Nelson, 21 N. Y. 158; Williams v. Traphagen, 38 N. J. Eq. 57; Bain v. Clinton, 112 N. C. 248; Appleton v. Turnbull, 84 Me. 72; Long v. Penn, 6 Pa. St. 421; Boulton v. Mills, 78 Iowa, 460; Singer v. Given, 61 Iowa, 93; Shickle v. Watts, 94 Mo. 410; 1 Cook, Stockh. § 193; .2 Beach, Priv. Corp. § 727.

The following opinion was filed January 20, 1899:

CANTY, J.

The note in suit was given for the purchase price of stock issued by the insolvent corporation to defendant. We granted a reargument on the question whether or not defendant could set off against this demand any claim for reimbursement which he might have by reason of any payment which he might make on account of his liability as surety. The question has since been submitted on briefs, and we now proceed to dispose of the same.

In an action brought under G. S. 1894, c. 76, to enforce the stock-holder's superadded liability, he cannot set off against such liability a claim which he holds against the corporation. See Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069; 1 Cook, Stockh. (3d Ed.) § 225. This superadded liability is not a corporate asset, and can only be enforced for the benefit of creditors, and then only to the extent of paying the corporate debts remaining unpaid after the corporate assets have been exhausted.

On the other hand, the money due as the purchase price of stock is a corporate asset, which may be disposed of by the corporation while it is a going concern the same as any other corporate asset. But after the corporation has become insolvent, and ceased to be a going concern, the rights of creditors attach and other rules apply.

It must be presumed that the creditors other than this defendant trusted the corporation on the faith of this capital stock, and on the supposition that when it was issued it brought to the corporation capital equal to the face value of the stock so issued. The stockholder owes it to the creditors to make his promise good, and to furnish this amount of capital for the satisfaction of their debts, if he has not already done so.

May he become a preferred creditor by reason of the fact that he has failed to perform his duty in this respect towards the other creditors? Certainly no such preference should be founded on any such default, and as far as we have examined the cases, this is the unanimous holding of the courts. See 1 Cook, Stockh. § 193.

There is nothing in appellant's attempt to distinguish between subscriptions for stock and stock purchased from the corporation. If by any means a corporation become the holder of its own stock, it cannot be presumed that it also holds the capital represented by that stock, and if it afterwards parts with that stock it must be presumed that it receives in its place an equivalent in capital, and the creditors have a right to rely on that presumption.

Then it follows that, if defendant had already made a payment on account of his liability as surety, he could not set off the claim for reimbursement for the same against the claim here in suit, and the order appealed from should be affirmed. It is so ordered.