CLINTON MARKELL v. ROBERT C. RAY and Others.

December 27, 1898.

Nos. 11,390—(181).

**Amendment of Pleading—Error without Prejudice.**

If it was error to amend the complaint by an ex parte order, *held*, it became error without prejudice, because the same amendment was subsequently allowed on a motion made on due notice.

**Estate of Deceased Stockholder—G. S. 1894, § 5927—Insolvency of Corporation—Statute of Limitations.**

It cannot be held that by G. S. 1894, § 5927, an action to charge the distributees of the estate of a deceased stockholder with his stockholder's liability, to the extent of the estate received by them, is barred in one year after the corporation goes into insolvency.

**Additional Party Defendant—Minor—G. S. 1894, § 5178.**

*Held*, a minor, as well as a person sui juris, may be brought into an action, as an additional party defendant, by the service on him of an order reciting the summons, as provided by G. S. 1894, § 5178.

**Joint Stockholders—Tenants in Common—Liability.**

It appeared by the books of the corporation that a certain number of shares of its stock were held by two certain persons. It did not appear by the books or otherwise that they were partners, or held the stock as such. *Held*, they were tenants in common, each of an undivided one-half interest in the stock, and neither can be held for more than one-half of the stockholder's superadded liability.

**Liability of Executor—G. S. 1894, § 3419—Transfer of Stock.**

The executor, pursuant to the provisions of the will, procured stock, which stood in his own name on the books of the corporation, to be transferred to him as executor. Thereafter the corporation went into insolvency. *Held*, the estate thereby became primarily liable, and he became secondarily liable, on such stock. *Held*, under G. S. 1894, § 3419, whether the stock stood in the name of the testator or not, the executor does not make himself personally liable thereon by having the same

transferred to himself as executor, when the will authorizes such transfer.

## Insolvency of Creditor—Liability of Creditor as Stockholder—Set-Off in Equity.

Five years before this action was commenced, or the corporation went into insolvency, one of its stockholders, who was also one of its creditors, made an assignment under the insolvency law; and his stock, and the debt due to him from the corporation, passed to his assignee. Such debt has not been paid, and his estate has not been settled. *Held*, the liability on his stock is not, at law, a claim against the assets in the hands of his assignee, but equity will set off one claim against the other. However, under the circumstances, the stockholder's liability should be set off, not merely against the dividend coming to the assignee as creditor, but against the whole claim held by him.

Action by the assignee of Henry H. Bell, insolvent, in behalf of himself and all other creditors of the Masonic Temple Association of Duluth, insolvent, against the association and its shareholders to enforce the statutory liability of stockholders. Defendants Robert C. Ray, Caroline E. Ray and Marion Ray, were the devisees of James D. Ray, deceased, who at the time of his death was an owner and holder of certain shares of the stock of said association. Robert C. Ray was also sued as executor of said James D. Ray, deceased.

From a judgment against the defendants Ray and from an order of the district court for St. Louis county, Moer, J., denying a motion for a new trial, defendants Ray appealed. Modified.

*Billson, Congdon & Dickinson*, for appellants.

The court below erred in allowing an amendment of the complaint by an ex parte order, without notice or hearing to defendants Ray who had already appeared and joined issue. Mackubin v. Smith, 5 Minn. 296 (367); Stein v. Roeller, 66 Minn. 283; Davidson v. Lamprey, 16 Minn. 402 (445); Berthold v. Fox, 21 Minn. 51; Gillette-Herzog Mnfg. Co. v. Ashton, 55 Minn. 75; Hill v. Hoover, 5 Wis. 386; Weed v. Weed, 25 Conn. 337; Rice v. Ehele, 55 N. Y. 518; Hughes v. McCoy, 11 Colo. 591; Doan v. Holly, 27 Mo. 256. The fact that the period of limitation was about to expire afforded no justification for the amendment without notice, but was rather a

reason why it should not have been allowed. Stevens v. Brooks, 23 Wis. 196. A court has no power to extend, or modify or prevent, the operation of the statute of limitations, even by order which would be proper, were it not for such statute. Humphrey v. Carpenter, 39 Minn. 115. The allegations permitted to be incorporated into the complaint were not allowable as an amendment, because they set forth a new cause of action wholly different from, and in addition to, that originally pleaded. The cause of action in the original complaint was predicated on the fact merely of the defendants being owners of stock of the corporation, and rested upon the constitutional provision subjecting stockholders to liability; while the cause of action pleaded in the amendment was predicated upon the fact of defendants having become the owners of the stock by devise, and rested upon G. S. 1894, §§ 5921, 5924. It was error to allow an amendment of the complaint bringing in Marion Ray, a minor, as an additional defendant, by an order reciting the summons, and requiring her to answer the complaint under the provisions of G. S. 1894, § 5178. See New York v. Remington, 89 N. Y. 22; Helms v. Chadbourne, 45 Wis. 60; Carver v. Carver, 64 Ind. 194; Roy v. Rowe, 90 Ind. 54.

The constitutional provision subjecting stockholders to liability is to be strictly construed. 1 Cook, Stockh. (3d Ed.) § 214; Sutherland, St. §§ 366, 371, 400; Wing v. Slater, 19 R. I. 597. Neither R. C. Ray, Caroline E. nor Marion Ray, became owners of stock by force of the will of the testator, or of the decree of distribution, and the imposing of direct liability upon them as stockholders was not justified. The acceptance of the stock was refused. A legatee as well as any other donee may forbear or refuse to accept. 2 Schouler, Pers. Prop. §§ 60–85; 1 Cook, Stockh. § 252; Basting v. Northern Trust Co., 61 Minn. 307; Cannon River M. Assn. v. Rogers, 42 Minn. 123; Goss v. Singleton, 2 Head (Tenn.) 67.

G. S. 1894, § 5927, barred the enforcement of the liability of appellants as legatees and devisees. This statute is to be liberally construed. City of St. Paul v. Chicago, M. & St. P. Ry. Co., 45 Minn. 387; County of Redwood v. Winona & St. P. L. Co., 40 Minn. 512. See also In re Martin's Estate, 56 Minn. 420; Hill v. Nichols, 47 Minn. 382; State v. Norton, 59 Minn. 424; Cooley, Const. Lim.

(5th Ed.) 80; Sutherland, St. §§ 240, 241; In re Ackerman, 33 Minn. 54; Thornton v. Turner, 11 Minn. 237 (336); Hempsted v. Cargill, 46 Minn. 118. The right of action accrued at the insolvency of the corporation or when it made its assignment October 31, 1895. See Minneapolis Paper Co. v. Swinburne P. Co., 66 Minn. 378; Sturtevant-Larrabee Co. v. Mast, Buford & B. Co., 66 Minn. 437; 1 Cook, Stockh. § 219. If there were any doubt as to the fact of the statute of limitations having barred this claim, that doubt is completely put at rest by the decision in Burns v. Phinney, 53 Minn. 431. See also Sandberg v. Palm, 53 Minn. 352. The statute runs on the claims of intervenors until presented by an actual intervention. See Mason v. City, 163 Ill. 351; Dunphy v. Riddle, 86 Ill. 22. Where the complaint is amended making new parties, the statute runs as to them until they are thus brought in and charged with liability by proper pleading. Miller v. M'Intyre, 6 Pet. 61; Levy v. Wilcox, 96 Wis. 127. So if an amendment introduces a new cause of action, the statute runs against it until such amendment is made. 1 Enc. Pl. & Pr. 622; Holmes v. Trout, 7 Pet. 171; Sicard v. Davis, 6 Pet. 124; 2 Wood, Lim. § 294; Bruns v. Schreiber, 48 Minn. 366; Estey v. Fisher (Tex. Civ. App.) 44 S. W. 555.

It is immaterial whether the intervenors knew when their right of action accrued. P. P. Mast & Co. v. Easton, 33 Minn. 161; Cock v. Van Etten, 12 Minn. 431 (522). This is a suit in equity and laches on the part of a suitor bars his right to relief. O'Mulcahey v. Gragg, 45 Minn. 112. The plaintiff as the assignee of Bell is chargeable as a stockholder to the extent of 420 shares. Harper v. Carroll, 66 Minn. 487.

*Abbott & Crosby* and *Walter Ayers*, for respondent.

There is a class of claims which cannot be proven against the estate, of which the claim in suit is one. See In re Martin's Estate, 56 Minn. 420; Hospes v. N. W. Mnfg. & Car Co., 48 Minn. 174; Hantzch v. Massolt, 61 Minn. 361.

In the case of contingent claims, such as the one at bar, it is optional with the holder whether such claim should be presented for allowance in the probate court at all or whether suit should be brought against the executors on the same. The creditors also

have the right in case of contingent claims to proceed against the heirs and devisees after the estate has been closed. Bryant v. Livermore, 20 Minn. 271 (313); McKeen v. Waldron, 25 Minn. 466. That the present claim could neither be proven, allowed, nor in any wise established by the probate court, has been frequently decided. Hospes v. N. W. Mnfg. & Car. Co., supra; In re Martin's Estate, supra; Hantzch v. Massolt, supra.

The assignee of an insolvent debtor, a portion of whose assets consists of shares in a manufacturing corporation, is not liable either at law or for contribution in equity to a creditor of the corporation. Gray v. Coffin, 9 Cush. 192.

CANTY, J.

This is an action under G. S. 1894, c. 76, brought on behalf of the plaintiff and all other creditors of the Masonic Temple Association of Duluth, an insolvent corporation, to enforce the double or super-added liability of its stockholders.

1. The action was commenced October 31, 1895. Only a few of the alleged stockholders were then made parties to the action, and among those were Robert C. Ray and Caroline E. Ray. October 23, 1896, the complaint was, on the application of plaintiff, amended by an ex parte order of the court so as to set up a new cause of action against Robert C. Ray and Caroline E. Ray. They moved to set aside the order allowing the amended complaint, and their motion was denied. This they assign as error.

Whether or not the court erred in amending the complaint by this ex parte order, and in denying the motion to set the amendment aside, and whether or not these acts of the court were error without prejudice, it is not necessary to decide, for the reason that on June 26, 1897, the complaint was again amended, on motion made on notice, and, as so amended, contained the amendment allowed ex parte as aforesaid, superseded it, and cured the alleged error. As we shall now proceed to show, the statute of limitations had not, on June 26, 1897, run against said new cause of action.

2. In the original complaint Robert C. Ray and Caroline E. Ray were charged only as stockholders. The amended complaint alleged: That they and Marion Ray are the devisees of James D.

Ray, who at the time of his death, on April 27, 1894, was the owner and holder of 1,400 shares of the capital stock of said temple association, of the face value of $25 each. That the debt due from the temple association to plaintiff was incurred prior to that time. That James D. Ray left at his death real and personal property of the value of more than $500,000, which by his last will he devised as follows: One-third to his widow, said Caroline E. Ray; one-half to his son, said Robert C. Ray; and the remaining one-sixth to his daughter, Marion Ray. That the will was duly probated, the estate administered, and on May 1, 1895, all the estate remaining was distributed to said devisees in said proportions,—the value of the estate so distributed being $350,000,—and the executor was then discharged.

On these facts the amended complaint sought to charge the three devisees, under G. S. 1894, §§ 5918–5929, for the stockholder's liability of said James D. Ray. The temple association made a general assignment for the benefit of its creditors, under the insolvency law, on October 31, 1895,—the day that this action was commenced.

Appellant contends that under G. S. 1894, § 5927, the statute of limitations would have run against this claim in one year from that date, were it not for the fact that the complaint was amended ex parte, within the year, so as to set up the cause of action against the devisees as such, and that, therefore, appellant is prejudiced by this amendment. Section 5927 provides:

"No action shall be maintained [against heirs or devisees on such a claim] unless commenced within one year from the time the claim is allowed or established."

We cannot hold that, as appellants contend, the commencement of this action on October 31, 1895, is equivalent or analogous to the allowing or establishing of this claim against these devisees, within the meaning of this section, so as to start the statute of limitations running. In what court or in what manner this section contemplates that the claim shall be "allowed or established," we need not consider, but we are strongly of the opinion that appellants' contention cannot be sustained.

3. At the time said amended complaint was allowed, said Marion

Ray, a minor, was brought in as an additional party defendant, by an order reciting the summons, and requiring her to answer the complaint, as provided in G. S. 1894, § 5178. There is nothing in the claim that a minor cannot be made a defendant in this manner, and can only be made a defendant in such a case by amending the summons, and serving the same as amended. We see no reason why section 5178 does not apply to minors as well as to persons sui juris.

4. On October 31, 1895, the day of the commencement of this action, and the day the corporation made the assignment and ceased to be a going concern, 774 shares of its capital stock were registered on its books as being held and owned by "James D. Ray and Robert C. Ray." The trial court held the latter liable for the face value of all of this stock, and held the devisees of the former liable for the same amount. It did not appear that James D. and Robert C. were partners, or that they held the stock as partners, and nothing of the kind appeared by the books of the corporation. Under these circumstances, they appeared to be tenants in common, each appearing to be a holder of an undivided half interest in the stock; and we are of the opinion that Robert C. should not be held for more than one-half of the face value of the stock, and the devisees for the other one-half.

5. On October 24, 1889, James D. Ray became the registered holder of 100 shares of said stock, and Robert C. Ray of 40 shares. A part of said 774 shares was issued by the corporation to James D. and Robert C. on the same day, and the other part was transferred to them by a prior holder on June 17, 1890. These parties appeared on the books of the company to be the respective owners of this stock until June 20, 1894. James D., during all of said time up to the time of his death, was in fact the owner of all this stock, but had permitted some of it to be entered on the books as the stock of Robert C. James D. died on April 27, 1894. Robert C. was appointed his executor under his will. On said June 20, 1894, Robert C., with the consent of Caroline E. and Marion, pursuant to an agreement with them, and pursuant to the provisions of the will, caused all of said 914 shares of stock to be transferred on the books of said corporation to himself, as executor of said estate.

Thereafter, on May 1, 1895, the estate was settled, and the decree of distribution was entered, assigning all of the remaining property of said estate, including said 914 shares of stock, to the three dev‡ isees, and discharging the executor. On the same day the three devisees filed in the probate court a refusal to receive the stock, or any part of it. On these facts the court held Robert C. primarily liable for the 774 shares as aforesaid, and also held him liable for said 40 shares so standing in his name at the time of the death of James D.

Counsel contend that Robert C. was only secondarily liable for this stock, and that the estate of James D. is primarily liable, for the reason that all of this stock was transferred to the executor, and stood in his name as executor on the books when the corporation ceased to be a going concern. We agree with appellants that Robert C. is not primarily liable as stockholder on any of this stock, and is only secondarily liable as stockholder on such portion of this stock as stood in his name at the time of the death of James D.

It may be a question whether, on common-law principles, an executor who procures stock to be transferred to himself as executor would not thereby make himself personally liable, especially if before the transfer the stock stood in the name of some one other than the testator. See In re Leeds Banking Co., 1 Ch. App. 231; Spence's Case, 17 Beav. 203; Jackson v. Turquand, L. R. 4 H. L. 305; Schouler, Exrs. § 380. But G. S. 1894, § 3419, provides:

"Persons holding stock in a corporation as executors, administrators, guardians or trustees shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in the trust fund would be, if they were respectively living and competent to act, and held the stock in their own names."

We are of the opinion that where the executor had authority, under the will, to take stock in his name as executor, this section exempts him from personal liability. It therefore follows that Robert C. was personally liable as stockholder only to this extent: He was secondarily liable on the 40 shares, and on his one-half interest in the 774 shares, and the court erred in holding otherwise.

75 M.—10

The estate alone was primarily liable on the whole 914 shares, and the three distributees must, to the extent of the assets received by them, answer for this primary liability. If they fail to do so, then Robert C. must respond to such secondary liability.

6. One Bell made an assignment, under the insolvency law of this state, to plaintiff, November 25, 1890,—nearly five years before the commencement of this action. A part of the assets so assigned by Bell was a promissory note held by him against the temple association for the sum of $16,000. Bell at the same time held stock of the association amounting to $10,500, which was also assigned to the plaintiff as a part of such assets. Bell was not made a party to this action, and the court finds that he is a nonresident, so that service could not be had upon him. The court ordered judgment in favor of plaintiff, as assignee of Bell, and against the other stockholders, for the amount of said note, without offsetting against the same the liability on Bell's stock. This is assigned as error.

The liability on Bell's stock was contingent. The contingency did not happen and the liability become absolute, until after Bell made the assignment for the benefit of his creditors. This contingent claim is not provable against the insolvent estate of Bell, even though it has become absolute when the attempt is made to prove it. See 3 Am. & Eng. Enc. (2d Ed.) 139; Wilder v. Peabody, 37 Minn. 248, 33 N. W. 852, and cases cited. But it does not follow from this that equity will not set off one of these claims against the other.

Insolvency has long been recognized as a distinct ground on which a court of equity will compel a set-off in many cases where there is no remedy at law, or where the party seeking set-off could not maintain an independent action against the party against whom set-off is sought. See Waterman, Set-Off, §§ 431–441. See also Cosgrove v. McKasy, 65 Minn. 426, 68 N. W. 76; Richardson v. Merritt, 74 Minn. 354, 77 N. W. 234, and cases therein cited. No general rule can be laid down, by which to determine when this equitable right of set-off exists, that will cover all cases. We are of the opinion that it exists in the present case.

Again, if this stockholder's liability of Bell was, at law, a claim

against the assets in the hands of his assignee, then the latter could only recoup against such liability the dividends which would come to him as a creditor in the action, to wit, the dividends to be paid by the receiver herein on said $16,000 note. Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069.

But, as this stockholder's liability is a claim against the assets in the hands of the assignee only by reason of the doctrine of equitable set-off, the set-off herein must be governed wholly by the rules which a court of equity would apply in the particular case; and, as Bell and the temple association are both insolvent, there is no reason why a court of equity should favor or prefer the creditors of the one to the injury of the creditors of the other. The doctrine that equity is equality should be applied when no other rule intervenes to prevent the application of that doctrine. Therefore the set-off should be of the stockholder's liability, not against the dividends coming to the creditor, but against the whole claim held by him. The court should set off claim against claim, dollar for dollar. Of course, the claim on the stockholder's liability may not be $10,500, the face of the stock. Such claim will be the sum of the amounts or assessments for which the court would order execution to issue, as laid down in Harper v. Carroll, supra.

This disposes of all the questions raised having any merit, and the case is remanded to the court below, with directions to modify the judgment in conformity with this opinion.