## ROBINSON v. BROWN. SAME v. BURGET. SAME v. WELLINGTON.

(Circuit Court, D. Massachusetts. May 28, 1901.)

### Nos. 1,064–1,066.

1. CORPORATIONS—ACTIONS BY RECEIVER AGAINST STOCKHOLDERS—MINNESOTA STATUTE.

Under the decisions of the Supreme Court of Minnesota construing chapter 272, p. 315, Laws Minn. 1899, which authorizes a court to marshal the assets and ascertain the debts of an insolvent corporation, to levy an assessment upon its stockholders and to appoint a special receiver for its collection, which decisions are binding upon the federal

courts, such act is applicable to corporations previously organized and to stockholders who became such prior to its passage. Nor is the act, as so applied, in contravention of the Constitution of the United States.

2. SAME—DEFENSES.

In an action against a stockholder of an insolvent Minnesota corporation, brought by a receiver appointed under the state statute to collect an assessment levied by a court in proceedings instituted thereunder, it is not open to the defendant to deny the sufficiency of the debts of the corporation to require such assessment.

3. SAME—SET-OFF—CLAIMS AGAINST CORPORATION.

In an action by the receiver of an insolvent Minnesota corporation to enforce his statutory double liability for the benefit of the corporation's creditors, the defendant cannot set off an indebtedness due from the corporation to him against the assessment made, which would result in making him a preferred creditor, contrary to the purpose and intention of the state law.

At Law.

Saxe & Saxe and Stiles W. Burr, for plaintiff.

John W. Corcoran, William B. Sullivan, and Crosby & Noxon, for defendants.

LOWELL, District Judge. These are jury-waived actions at law brought by the receiver of a Minnesota corporation against stockholders in the corporation to enforce the stockholders' liability imposed in such cases by the Constitution and laws of Minnesota. The receiver was duly appointed by a Minnesota court of competent jurisdiction, all necessary parties were duly served, and the defendants in these actions received actual notice of the proceedings, though this is not required by the laws of Minnesota. The Minnesota court duly rendered judgments sequestering the corporation's property, required its creditors to become parties to the action and to exhibit their claims, and levied upon the stockholders an assessment of 75 per cent. The order of assessment was affirmed on appeal by the Supreme Court of Minnesota. Straw & Ellsworth Manufacturing Company v. R. L. Kilbourne Boot & Shoe Company, 83 N. W. 36. The plaintiff duly demanded payment of the assessment, and, when that was not paid, instituted these actions.

The defendants' answer set up several defenses, of which the following were insisted upon in argument:

First, that the receiver has no right to maintain these actions, because chapter 272, p. 315, Laws 1899, by virtue of the provisions of which he was appointed, was passed after the incorporation of the Kilbourne Company, and after the defendants became stockholders therein. This point was expressly disposed of by the Supreme Court of Minnesota in the case above cited, and, so far as that decision construes the Constitution and laws of Minnesota, it is binding upon this court. So far as it determines that the act of 1899 is not in contravention of the Constitution of the United States, the decision is not absolutely binding upon this court, though it should receive from this court the fullest consideration and respect. Independently of the authority properly attached to the decision, this court is disposed to

¶ 3. See Corporations, vol. 12, Cent. Dig. § 1009.

agree with its conclusions upon the point just stated, and holds that the receiver is not hindered by the federal Constitution from bringing these actions against these defendants.

Second, that the receiver, appointed as has been stated, cannot maintain an action in the United States Circuit Court for this District. It is admitted that this contention was determined adversely to the defendant in Hale v. Hardon, 95 Fed. 747, 37 C. C. A. 240.

Third, that the decree or order of the court of Minnesota did not determine, as against these defendants, the indebtedness of the corporation and the validity of the assessment levied. This point also was covered by Hale v. Hardon.

Fourth, that the plaintiff must show in these actions that the debts proved against the corporation in the Minnesota court were sufficient to require the assessment levied. This matter does not appear to be open to the defendants in these proceedings.

Fifth, that the defendants were creditors of the corporation to an amount exceeding their liability under the assessment. In a proceeding by the receiver of an insolvent corporation to enforce the so-called double liability of the stockholder for the benefit of the corporation's creditors, a stockholder ordinarily cannot set off his claims upon the corporation against the assessment made. This has been decided in cases arising under the national bank law, and has been determined by the court of Minnesota in regard to the winding up of corporations. Richardson v. Merritt, 74 Minn. 354, 77 N. W. 234, 407, 968. It is the rule generally laid down in the text-books. The rule appears to be reasonable. The object of the double liability is to realize a fund for the ratable payment of all corporate debts. This fund could not be realized if those who were at once creditors of the corporation and its stockholders were permitted to offset their credits and liabilities. Such creditors would thus gain a preference over all others. The statutes of Minnesota, as interpreted by its courts, require the creditor who is a stockholder to prove his claim like any other creditor, and they allow a set-off only in so far as they do not permit such a creditor to collect the dividends due him as creditor without paying his assessment as stockholder. If the defendants in these cases had proved their claims against the corporation, they would be entitled to receive on those claims the same per cent. as that realized by other creditors. If they have failed to prove, it seems that they may still be admitted to prove in the discretion of the court; but if that discretion is not exercised, or some other difficulty arises, their loss will be the result of their own delay.

The defendants rely upon a strict right of set-off, such as at common law is permitted by the courts of Massachusetts, but, in the opinion of the court, no such right exists in this case. Their claims are against the corporation; their indebtedness is due to the receiver of the corporation, who represents, not the corporation, but its creditors. That this is true appears from the fact that a release by the corporation, or an estoppel binding on the corporation not to regard the defendants as its stockholders, is not ordinarily a defense to these actions. The defendants' requests for rulings are denied, and the court finds for the plaintiff.