## LACY v. CLINTON LOAN ASSOCIATION.

(Filed March 17, 1903.)

CORPORATIONS—*Insolvency—Judgment Creditors—Preferences.*

A judgment against an insolvent corporation for money had and received merely establishes the debt and does not give the judgment creditor preference over other creditors.

ACTION by B. R. Lacy, State Treasurer, against the Clinton Loan Association, heard by Judge *H. R. Bryan,* at Chambers, Jan. 30, 1903, in WAKE County. From an order made upon a petition filed by W. A. Dunn, who had been appointed receiver of the defendant, asking to be instructed by the Court, to which petition A. F. Johnson filed an answer, defendant appealed.

*Junius Davis, Rountree & Carr* and *H. E. Faison,* for the plaintiff.

*J. L. Stewart* and *Geo. E. Butler,* for the stockholders.

*W. A. Dunn,* for the defendant.

CLARK, C. J. The Clinton Loan Association was a joint stock company doing a banking business from 1871 to 1891. It became incorporated by the same name 14 Feb'y, 1891, turning over its assets, charged with its liability of course, to

the latter, and most of its members becoming stockholders in the corporation. It was insolvent, and the new corporation was another instance of what Mr. Justice Douglas styled "congenital insolvency" in *Insurance Co. v. Edwards,* 124 N. C., 116. In December 1891, W. A. Dunn was appointed receiver of the corporation, which included among its assets those of the former joint stock company, which had been assigned in a trust to the corporation to pay its debts, etc. The facts are set out in *Bain v. Loan Association,* 112 N. C., 248. As such receiver, Dunn brought an action against A. F. Johnson (two previous actions having been withdrawn) alleging that he was largely indebted to the joint stock company, which indebtedness had been assigned with all its other assets to the corporation of which Dunn was receiver. On 6 June, 1891, after the assignment of the assets of the joint stock company to the corporation, A. F. Johnson paid to W. A. Johnson, at that date cashier of the corporation (and who had been cashier to the defunct joint stock company) the sum of $2, 039.17, taking the following receipt: "$2,039.17.—Received of A. F. Johnson Two Thousand and Thirty-nine dollars and seventeen cents in checks (describing them) which checks are to be applied to credit of his private account with Clinton Loan Association, without in any way his acknowledging the correctness of the same as it appears on the ledger and without prejudice. William A. Johnson, Cashier." By the ledger of the defunct joint stock company, it appeared that A. F. Johnson was then indebted to said concern in the sum of $5,643.02 on notes and open book accounts, but in the last action brought against him by the receiver as aforesaid, it was ascertained that there was in fact due said A. F. Johnson $7,389.48 including aforesaid $2,039.17, and it was adjudged, confirming the report of the referee, that said $7,389.48 was "to be discharged and satisfied so far as the liability of the said W. A. Dunn as receiver and his indebted-

ness as receiver is concerned, upon payment to A. F. Johnson of $2,039.17 with interest from date hereof." On appeal in that case, the judgment was affirmed by a per curiam order. 130 N. C., 742.

This is a proceeding by the receiver for instructions from the court, the stockholders and A. F. Johnson being parties. The latter contends that this $2,039.17 is a preferential claim to be paid in full and in preference to the ordinary claims of creditors, which is contested by the stock-holders and the receiver, the stockholders contending further that the $2,039.-17 is an indebtedness of the joint stock company, said money being paid the corporation as its trustee. The assets of the corporation are *in custodia legis* to be disbursed by the receiver under the order of the court. If therefore, A. F. Johnson had brought his action against the receiver to recover a balance due him, any judgment he might have obtained in that action would only have ascertained the indebtedness, leaving the order of preference to be determined by the court in this proceeding, in which the receiver was appointed, and in which the court has custody of the funds and control of their disbursement after collection. This is no wise changed by the fact that instead of A. F. Johnson suing the receiver the receiver sued him, and this balance was set up as a counterclaim, a cross action, and a balance was ascertained to be due A. F. Johnson. The judgment of affirmation on appeal had only the same effect as the judgment in that action below, i. e. to ascertain the debt. The form of the judgment served only to indicate that $2,039.17 was an indebtedness of the corporation, the balance being the debt of the joint stock company.

Of the sum determined to be due A. F. Johnson, all except the $2,039.17 being due him by the joint stock company, is to be provided for in the administration of the assets and liabilities of that concern. The $2,039.17 was money paid in by

him to the cashier of the corporation to be applied on his account, which it held as assignee and trustee of the joint stock company, stipulating however that it should not be deemed an admission that he owed that company anything.   It turns out in fact that he owed the joint stock company nothing, and therefore the corporation having received and used for its own purposes the $2,039.17, owes that amount for "money had and received."   This amount we think is a liability of the corporation, but there is nothing to give it a preference over any other indebtedness of the corporation for money, labor or other cause.   The $2,039.17 was not received as a special deposit.   It was not put aside and segregated to be kept intact and returned in the identical package.   It was simply money to be applied to his account, but the payment of which was to be taken as an acknowledgment of the corcorrectness of the account claimed against him, and the corporation used it.

As we have seen, there was no judgment in the action of Dunn, receiver v. A. S. Johnson declaring this debt a preferred claim, and there could be none.   The $2,39.17 will be paid *pro rata* among the ordinary debts of the corporation, without preference.   By virtue of the agreement on record, the judgment bears no interest as against the corporation, the fund being *in custodia legis.*

The judgment will be corrected to conform to this opinion.
Error.