### RUE v. MILLER.

(Circuit Court of Appeals, Sixth Circuit. July 7, 1903.)

No. 1,174.

1. INSOLVENCY—SET-OFF.
   In case of two insolvent estates, each indebted to the other, the dividend to one is to be set off against the dividend to the other.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

On the 4th of February, 1897, the First National Bank of Franklin, Ohio, became insolvent, and was put in charge of the appellee, Joseph D. Miller, as receiver. At that time it was a creditor of the Franklin Paper Company, an Ohio corporation, in the sum of $53,602.87, and was also a stockholder in said company to the amount of $5,650, and had prior to that time held other stock it had disposed of, amounting to $5,650. On the 7th of July, 1896, the paper company having become insolvent, Walter B. Schaeffer, a creditor, brought suit in the court of common pleas of Warren county, Ohio, against the bank and all other stockholders of the paper company to enforce the statutory liability, under section 3260 of the Revised Statutes of Ohio of 1892, providing for the double liability of stockholders, in which suit judgment was rendered against all of the stockholders of the paper company. There was a judgment against the bank for $2,361.13 on a liability of $5,650 on the stock which it had sold, which judgment was for the benefit of only 11 creditors, not including the bank; and there was another judgment against the bank for $5,650 on the stock still held by the bank, which was for the benefit of all the creditors of the paper company, including the bank. Dividends aggregat-

---

¶ 1. See Insolvency, vol. 28, Cent. Dig. § 174.

ing 70 per cent. have been declared by the Comptroller of the Currency, to be paid by the receiver out of the assets of the bank. The estimated dividend from the fund in the hands of the complainant is 5 per cent. Because the receiver claims the right to set off the dividends due the creditors of the paper company on the judgment of $5,650, in which it is a beneficiary, against the dividends which will come to him on the claim of $53,602.87 out of the fund being collected by the receiver of the paper company, this suit has been brought to compel him to issue a certificate for the full amount of the dividends, without reference to the anticipated dividend he may receive. On final hearing the court below decreed that the defendant receiver issue to the complainant a certificate for the sum of $2,361.13, the amount of the judgment which was obtained for the benefit of only 11 creditors of the paper company, not including the bank, and pay the complainant on that certificate the dividends theretofore declared and thereafter to be declared, and paid to the creditors of the bank; that the defendant also issue to the complainant a certificate for the sum of $5,650, the amount of the judgment rendered against the bank, in which the bank was interested to the amount of the dividends it should receive on its claim against the paper company; that the defendant pay to the complainant on the last-named certificate dividends to an amount which, together with the dividend to be paid by the complainant to the defendant, shall equal the amount of the dividends theretofore declared and thereafter to be declared and paid to the creditors of the bank, including the complainant, on the judgment of $5,650; and that the cause be retained until the exact amount of dividend to be paid by the complainant has been determined, and for such further orders as may be necessary. From this decree the receiver for the paper company appealed.

George A. Burr, for appellant.
Harlan Cleveland, for appellee.

Before LURTON and SEVERENS, Circuit Judges, and WANTY, District Judge.

WANTY, District Judge, after making the foregoing statement, delivered the opinion of the court.

There is no dispute as to the judgment for $2,361.13, as it was for a fund in which only 11 creditors of the paper company were interested, of which the bank was not one, and its receiver, therefore, has no set-off against that judgment, and admits he must pay the full amount of dividends declared and to be declared on it.

The complainant receiver claims that the defendant receiver should also issue to him a certificate for the full amount of the $5,650 judgment, and should be decreed to pay such dividends as have been declared and will hereafter be declared upon the claims of other creditors, without reference to any dividend that may be declared and paid to the beneficiaries of the fund in his hands, because a stockholder who is indebted to the fund is not entitled as a creditor to receive any part of it until he shall have first discharged in full his indebtedness; and, as the total amount of the dividends declared and to be declared by the Comptroller of the Currency, when applied on this judgment, will leave a balance due amounting to a greater sum than the dividend to which the bank would be entitled to receive out of the fund, there will be nothing coming to the defendant, and therefore no deduction should be made.

On the other hand, the defendant contends that, while he does not deny the claim of the receiver of the paper company to be recognized

124 F.—14

as a creditor of the bank by virtue of his judgment, he has the right to set off, so far as the judgment of $5,650, which is recovered for the benefit of all of the creditors of the paper company, including the bank, is concerned, the dividends payable to him, as such receiver, from the fund in the hands of the receiver of the paper company.

The contention of complainant that to set off the dividend payable out of the fund realized on the judgments against the dividends payable to the fund, would operate as an unequal distribution among the creditors of the paper company in favor of the bank is true only because the bank is insolvent. If the bank's claim against this fund was held by some other person, then the fund could only receive the full amount of the dividends declared by the Comptroller of the Currency, and would be obliged to pay on this claim the full amount of the dividend that should be paid to the beneficiaries of the fund. If no dividend is paid to the bank receiver out of this fund, the bank, as a creditor, and its creditors will receive a less amount than the other creditors of this fund. There seems to be no way of making an equitable distribution of the two funds except to offset one dividend against the other. Insolvency is a recognized ground on which a court of equity will compel a set-off. Waterman's Set-Off, §§ 431–441, and cases there cited. In applying the doctrine that equity is equality, it seems to us that the court below made the only equitable disposition of the case possible. The bank could not pay the claims against it in full; neither can the fund in the hands of the complainant; and the beneficiaries of the two funds can be placed on an equality only by offsetting the dividends due from each. The debtor to either fund, if solvent, could pay in full, and as a creditor of the fund would be entitled to share in it only after full payment; but the equities of two insolvent funds or estates, where the beneficiary of one fund is a debtor to the same fund, can only be adjusted for the benefit of all the beneficiaries of the two funds by the setting off of one dividend against the other. In Markell v. Ray, 75 Minn. 138, 77 N. W. 788, the precise point involved here was decided, and the dividends were set off. Any other rule would work injustice.

The decree must be affirmed.